## HOWELL vs. FIELD.

1. Where a debtor, his creditor and a third person, who owed the debtor, came together, and it was agreed that the third person should pay the creditor, who thereupon looked to him for payment, and the debtor was released, the third person became the debtor by substitution, and the contract was not within the statute of frauds.

2. Suits in justices' courts are not to be held to such technical rules

as those in courts of record. The law requires no pleading in writing for the trial of a case; and, therefore, subsequent amendments are not indispensable to a judgment.

April 3, 1883.

Statute of Frauds. Justice Courts. Contracts. Debtor and Creditor. Before Judge FAIN. Murray Superior Court. August Term, 1882.

Reported in the decision.

LUFFMAN & HARRIS; B. J. McCAMY, for plaintiff in error.

TRAMMELL STARR, for defendant.

CRAWFORD, Justice.

The plaintiff in this case sued the defendant in a justice's court, on a debt which, in the original summons, was stated thus :

"1880. E. S. Howell to S. E. Field, Dr. $16.60. On promise to pay the debt of G. C. and L. C. Terry."

There have been three jury trials in the justice's court of this case, and three times has it been carried by *certiorari* to the superior court. The verdict was in favor of the plaintiff on each trial. They were set aside twice, upon the ground that the promise, if made, was void, under the statute of frauds. Upon the last trial, the testimony, in the opinion of the court, made a different case, and the *certiorari* was not sustained. The defendant, therefore, assigns error on that ruling, and brings the same to this court.

1. An examination of the testimony offered on each trial, as set out in the record, may make the two first verdicts somewhat doubtful, but as to the third and last, it is clearly and fully supported by the proofs submitted. Besides the evidence adduced on the first two trials, the plaintiff testified that he had a debt due him by the Terrys,

amounting to $16.60; that he and the defendant met at Mr. Terry's house; that plaintiff and defendant and the Terrys were all present, when he told them that he wanted his money, to which Howell, the defendant, replied that he would pay it, though he did not have the money then, but would go to Aloculsa in a few days, get the money and pay it; that he, the plaintiff, then told the Terrys he would look to Howell for his pay; and it was then agreed between them all that he should do so, and release the Terrys from their debt to him; that, relying and depending upon this agreement, he released them and accepted Howell as his debtor. This testimony was supported by the Terrys, and the jury believed it. Under this agreement, Howell was substituted for the Terrys, and became the debtor of Field, the consideration moving Howell being the purchase of certain land from the Terrys, and against which Field claimed to have a lien for bricks and lime used thereon. The facts, as found by the jury, bring this case within the rulings of the cases of *Sapp vs. Faircloth*, decided at the present term, not yet reported; *Edenfield vs. Canady*, 60 *Ga.*, 456; *Anderson & Tucker vs. Whitehead & Co.*, 55 *Ib.*, 277.

It was contended, on the argument, that there were other facts in proof which destroyed the force and effect of the above testimony. Doubtless, without explanation, this might have been so; but it all was before the jury, considered and weighed by them; and the facts must stand as they were found to exist; the duty of the court was to apply the law to them as found, and render judgment accordingly. This was done.

2. It was further insisted that, without an amendment of the original cause of action, no such judgment should have been allowed.

Upon this point, it is sufficient to say that the suit was for a debt claimed by the plaintiff to be due him from the defendant, and in undertaking to state how it originated, he failed to make out such a statement of the defendant's

liability as the facts warranted.   These suits in justices' courts are not to be held to such technical rules as prevail in courts of record.   Indeed, the law requires no pleadings in writing to try a case in these courts, and in fact should not.   No original pleadings were necessary, and no subsequent amendments could, therefore, become indispensable. See *Benson & Coleman vs. Dyer*, 69 *Ga.*, 190 ; Code, §457 ; 61  *Ga.*, 134, 388 ;  62 *Ib.*, 683.

Judgment affirmed.