## SOUTHERN RAILWAY COMPANY *v.* VARN.

1. Where a summons issued from a justice's court, in a suit against a railway company, requires the defendant to answer the plaintiff's complaint for damages alleged to have been caused by the negligent killing of a described cow, and a copy of an account is attached to the summons, setting forth that the defendant is "Dr." to the plaintiff for the killing of such cow, the overruling of a motion to dismiss the action because the

plaintiff's ownership of the animal referred to is not sufficiently alleged will not be reversed. But it would in such case be the better practice to amend the summons and make the allegation of ownership distinct and unequivocal.

2. There can be no lawful recovery against a railway company for the killing of an animal, when there is no evidence at all as to its value.

Argued October 25, — Decided December 22, 1897.

Action for damages — certiorari. Before Judge Sweat. Appling superior court. February 16, 1897.

*DeLacy & Bishop*, for plaintiff in error.
*E. P. Padgett*, contra.

FISH, J. J. E. Varn sued the Southern Railway Company for damages alleged to have been caused by the negligent killing of a cow by the running of the defendant's engine, etc. The summons required the defendant to answer the complaint of the plaintiff in an action for damages, and set forth when and how the cow was killed, her value and full description. Attached to the summons was a copy of the account sued on, as follows: "Southern Railway Co. to J. E. Varn, Dr. To killing one red cow marked swallow-fork and under-bit in each ear, to the value of $10.00." The case was tried, on appeal, before a jury in the justice's court, and a verdict rendered for the plaintiff for $10.00. The defendant sued out a writ of certiorari, and, upon the hearing of the certiorari in the superior court, the certiorari was overruled and defendant excepted. The petition for certiorari averred that the magistrate erred in not dismissing the case on motion of defendant's counsel, because the summons did not allege that the plaintiff was the owner of the cow, or that he had any interest in her.

1. While it would have been better practice to have amended the summons and made the allegation of ownership distinct and unequivocal, yet, under the procedure in justices' courts, we do not think the overruling by the magistrate of defendant's motion to dismiss the case was reversible error. The only pleading in a justice's court is a summons, to which the justice is required to attach, at the time he issues the same, a copy of the note, account, or cause of action sued on. Civil Code, § 4116. The purpose in having the cause of action attached to the sum-

mons is to give the defendant notice of what he is required to meet. In this case, the summons and the account thereto attached, considered together, notified the defendant of the time, place, and manner of the killing of the cow, her value and description, and that the defendant was indebted to the plaintiff $10.00 for negligently killing her. We think the purpose of the law was substantially complied with; and that the defendant might well have known that the plaintiff would make the necessary proof of ownership. See *Howell* v. *Field*, 70 *Ga.* 592; *Carnes* v. *Mattox*, 71 *Ga.* 515.

2. Another ground of the petition for certiorari was, that the verdict was contrary to the evidence and without evidence to support it. We have carefully examined the testimony of all the witnesses, as set forth in the petition, and the answer of the magistrate, and there is no evidence whatever of the value of the cow; therefore there could be no lawful recovery against the defendant for killing her, and the judge of the superior court committed error in not sustaining the certiorari upon this ground.          *Judgment reversed. All the Justices concurring.*