## SOUTHERN RAILWAY COMPANY *v.* COLLINS.

1. The suit in the justice's court was not a proceeding under sections 2253 et seq. of the Civil Code, which were repealed by the act of December 7, 1898 (Acts 1898, p. 50), and therefore was not subject to dismissal upon the ground that the statute upon which it was based had been repealed.
2. In a suit in a justice's court, it is immaterial whether the " copy " of the " cause of action sued on " is contained in the body of the summons or is attached as an exhibit thereto.

Submitted June 11,—Decided August 12, 1903.

Certiorari.   Before Judge Roberts.   Pulaski superior court. October 9, 1902.

*DeLacy & Bishop*, for plaintiff in error.
*W. L. Grice & Sons*, contra.

FISH, P. J.   Collins brought suit, in a justice's court, against the Southern Railway Company, for damages.   The summons issued by the justice of the peace was as follows:

" Georgia, Pulaski county.   To the Southern Railway Company.

" You are hereby notified, on or about Jan. 3rd, 1902, you damaged the subscriber, E. P. Collins, to the amount of $50.00, by the train on the Southern Railway Company's road at the crossing near the depot in the town of Cochran known as Landfair's crossing, by recklessly running of the cars or locomotive on said road, which ran over, broke, and tore up the wagon of E. P. Collins, to the damage of said E. P. Collins to the amount of ($50.00) fifty dollars; and

desiring that the amount be legally assessed, you are hereby required by agent or attorney or in person to appear at the justice court in the town of Cochran, 386th dist. G. M., by 10 o'clock a. m. on the 4th Wednesday in March, 1902, then and there to show cause, if any exist, why the damages should not be assessed according to law.    This March 15th, 1902.

Geo. F. Hendricks, J. P."

When the case was called for trial in the justice's court, the defendant appeared, by its attorney at law, and made a written motion to dismiss it, upon the following grounds:    "1st. Because no cause of action is set forth, the suit was not commenced with the cause of action annexed as required by law, and the justice of the peace has no jurisdiction to assess damages and proceed in the manner in which he is attempting to proceed.    2nd. Because Code sections 2253 to 2260, under which this proceeding was instituted, have been repealed, and there is no law to authorize the proceeding."    This motion was overruled by the magistrate, and he, over the objection of counsel for the defendant, proceeded with the trial of the case and rendered a judgment in favor of the plaintiff for $50.00 and costs of the suit.    The defendant carried the case by certiorari to the superior court, alleging error in the ruling of the magistrate upon the motion to dismiss.    The certiorari was overruled and the defendant excepted.

It will be seen that the motion, in the justice's court, to dismiss the case rested upon two grounds: first, that no cause of action was set forth as required by law; and second, that the proceeding was instituted under certain sections of the code after those sections had been repealed, and hence there was no law to authorize it.    We will consider these grounds in reverse order.    Sections 2253 to 2260, inclusive, of the Civil Code were repealed by the act of December 7, 1898 (Acts 1898, p. 50); consequently, if this were a proceeding under those sections, it would be open to the objection made in the second ground of the motion to dismiss.    It is not to be presumed that an action instituted nearly four years after the repeal of a particular statute was based upon such statute, merely because it may, in some respects, resemble one for which such statute provided, if there is an existing law which will uphold and support the suit as instituted.    And when the particular form of action which was authorized by a statute which has been repealed has not

been followed, the mere use, in a different and existing form of action, of language which would have been more appropriate to an action under such statute is a mere irregularity. The action in the present case was not instituted under these repealed sections of the Civil Code. These sections provided for the institution, before a justice of the peace, of an action to recover damages against a railroad company for the killing or injuring of live-stock, or the destruction or damaging of other property, by the running of the cars, etc., of the company, by a mere written notice, of a prescribed form, served upon the defendant by the owner of the property damaged or destroyed. Here the action was begun, not by a written notice from the owner of the property to the defendant company, but by a summons issued by a justice of the peace, and duly served upon the defendant by a lawful constable, commanding the defendant to appear at a designated justice's court, at a certain time, then and there to show cause why the damages claimed by the plaintiff should not be assessed against it. The summons was irregular, in more respects than one, but it was none the less a summons, issued by the justice of the peace, notifying the defendant of a suit against it by a named plaintiff, upon a specified cause of action, in a particular justice's court. The use, by the justice of the peace who issued the summons, of the form which had been prescribed for the written notice to be served upon the defendant by a person proceeding under the provisions of these repealed sections of the Civil Code was a mere irregularity, and neither showed that the action was based upon the statute which had been repealed nor invalidated the summons.

2. The justice of the peace who issued the summons stated the cause of action *in the summons* instead of attaching a copy thereof *to the summons*; and the contention of the plaintiff in error is that this was not a compliance with the statute, which provides that the "justice of the peace or notary public issuing a summons shall attach a copy of the note, account, or cause of action sued on, to said summons at the time the same is issued." Civil Code, §4116. There was a substantial, if not a literal, compliance with the requirement of the statute. The statute requiring a copy of the cause of action to be attached to the summons is a remedial one. Before its passage on September 21, 1881 (Acts 1880–1, p. 66), the plaintiff in an action in a justice's court was not required to put the de-

fendant upon notice of the nature of the demand upon which he was sued. Defendants were, therefore, often placed at a disadvantage in defending suits instituted in justices' courts. To remedy the defect in the law the statute of 1881 was passed. The general rule is that remedial statutes are to be liberally construed, and in construing them the old law, the mischief, and the remedy are to be taken into consideration. The rule of liberal construction applies with peculiar force to a statute relating to pleadings in a justice's court, where the same degree of strictness and precision in pleading is not required as in the higher courts. In our opinion, it would be sticking in the bark to hold that a summons which carries upon its very face a statement of the cause of action is fatally defective because no copy of the cause of action is literally attached thereto. The object of the law requiring a copy of the cause of action to be attached to the summons being that the defendant shall be informed of the nature of the plaintiff's demand against him, it is immaterial whether the statement of the cause of action is contained in the body of the summons or is actually attached to the summons. The case clearly falls within the provisions of the Civil Code, § 4994, which declares: " No technical or formal objections shall invalidate any petition or process, but if the same substantially conforms to the requirements of this code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: *Provided*, there is a legal cause of action set forth as required by this code."

*Judgment affirmed. By five Justices.*