## MACON AND BIRMINGHAM RAILWAY CO. *v.* WALTON.

121  275
123  332
123  467

1. Since the passage of the act of 1881 (Civil Code, § 4116), " the plaintiff in an action in a justice's court must set forth, with some degree of certainty, his cause of action."
2. Whether on appeal from a justice's court to the superior court the defendant can then for the first time demur specially to the summons, he can at least move to dismiss on the ground that the summons sets out no cause of action.
3. The summons in the present case was insufficient, and should have been dismissed upon motion.

Argued October 21,—Decided November 12, 1904.

Appeal.   Before Judge Felton.   Bibb superior court.   May 30, 1904.

*Hardeman & Jones, E. P. Johnston,* and *Davis & Turner,* for plaintiff in error, cited the cases referred to in the opinion, and 119 *Ga.* 979.

*Birch & Dasher,* contra, cited *Ga. R.* 104/602 ; 105/171 ; 108/516 ; 110/348 ; 116/26 ; 102/764 ; 71/515 ; 70/592 ; 84/751 ; 10 L. R. A. 602 ; 12 Enc. Pl. & Pr. 817.

Simmons, C. J.   Suit was instituted by Walton against the Macon and Birmingham Railway Company, in a justice's court. After judgment for the plaintiff the defendant entered an appeal to the superior court.   Upon the call of the case in that court, and before answering or pleading to the merits, the defendant filed a demurrer to the summons.   This demurrer was overruled, and the defendant excepted pendente lite.   The jury found in favor of the plaintiff, and the defendant moved for a new trial

The motion was overruled, and the defendant excepted, assigning error on the refusal to grant a new trial and upon the exceptions pendente lite just referred to.     There were also other exceptions which it is unnecessary here to notice.     As we hold that the court erred in overruling the demurrer, all that occurred subsequently to that ruling was nugatory and need not now be considered.

1. That, since the passage of the act now embodied in the Civil Code, § 4116, the summons in an action in a justice's court must set forth the cause of action with some degree of certainty, see *Powell* v. *Alford*, 113 *Ga.* 979.

2. It was argued that, as demurrers must be filed at the first term, the demurrer in the present case was too late.     Plaintiff in error, on the other hand, contended that the present case did not differ in principle from that of *Paxton* v. *Berrien County*, 117 *Ga.* 891, in which it was held that, on appeal, the superior court may consider a demurrer which has previously been heard and overruled in a county court.     This question we do not now decide.     Whether or not the defendant was too late to file a special demurrer to the summons, it was at least in time to make a motion to dismiss on the ground that the summons set out no cause of action.     While the paper filed was called a demurrer, it contained general grounds which were in the nature of a motion to dismiss, and should have been so treated by the court.

3. All suits in justices' courts must be commenced by summons to which shall be attached "a copy of the note, account, or cause of action sued on."     Civil Code, § 4116.     The word "account," in the code section just cited, is used in its ordinary legal sense. Where a suit is brought in a justice's court, which is neither upon a note nor upon an account properly so called, then there should be attached to the summons a copy of the "cause of action."     In the present case the suit was not upon a note or an account, though the action was brought in the form of a suit upon an account.     It is permissible to adopt this form of action, but its adoption does not relieve the plaintiff from the necessity of setting out his "cause of action" with some degree of certainty and having a copy of the same attached to the summons. The "account" attached to the summons was as follows·

"Macon, Aug. 2nd, 1903.

"Macon & Birmingham Ry. Co., To J. R. Walton,    Dr.

"To difference in price of melons in Ga. R. R. yard, and

Central Ry. yard,                                $25.00

"Damage delay in time of arrival,                 50.00
                                                 ———————
                                                 $75.00."

Among other grounds of the demurrer or motion to dismiss it was urged that the summons did not show that the suit was upon a contract or for injury to personal property, and that therefore the jurisdiction of the court did not appear; and that the summons set out no cause of action against the defendant, because it did not show wherein defendant was liable to plaintiff, or what duty, if any, defendant was under to plaintiff relatively to the melons referred to, or in what way defendant was liable for the alleged delay thereof.   We think that this motion to dismiss was good and should have been sustained.   The summons did not comply with the requirement that it have attached to it a copy of the cause of action sued on.   It is impossible to tell, from the summons or from the "account" thereto attached, the nature of the claim upon which the action was based.   There was nothing to put the defendant upon notice of the character of such claim, that it might be able to prepare a defense.   The summons would doubtless have been sufficient under the law as it stood prior to the passage of the act of 1881, but it does not meet the requirements of that act.   We must therefore hold that it was fatally defective as against a general motion to dismiss, and that the court below erred in ruling to the contrary.

*Judgment reversed.   All the Justices concur.*