545. GEORGIA RAILROAD & BANKING CO. *v.* WILLIAMS.

1. The failure to observe the statutory requirements as to checking the speed of trains and ringing the bell at street crossings is not negligence as to a person on the track of a railroad who is not at the crossing.
2. The petition, failing to set out any specific acts of negligence which would authorize a recovery, should, on proper timely demurrer, have been dismissed.

Action for damages, from city court of Richmond county— Judge Eve. May 30, 1907.

Argued October 23,—Decided December 20, 1907.

*Joseph B. & Bryan Cumming,* for plaintiff in error.
*Austin Branch,* contra.

RUSSELL, J. The defendant in error brought an action against the Georgia Railroad & Banking Company for damages accruing to her by reason of the homicide of her husband. The defendant (now plaintiff in error) demurred to the plaintiff's petition, and it excepts to the judgment overruling the demurrer. We think the court erred in overruling the demurrer. Under the allegations of

the petition, the deceased husband of the plaintiff was using the defendant's right of way longitudinally at a place which was much used by the public in this way. ' According to the allegations of the petition, he was struck by the defendant's train as he stooped down to tie his shoe. He was in full possession of his faculties at the time he was struck. The only negligence charged against the defendant was the failure to observe the statutory requirements in reference to checking the speed of the train and tolling the bell in approaching the public crossing where Gwinnett street intersected the defendant's track. The petition alleges that the deceased was about 30 feet beyond the crossing at the time of the casualty. It is not alleged that he was intending to use the crossing, or that he was about to use or had reached the well-frequented path which crossed the defendant's track and which it allowed the public to use. As to a person on the track and not at the crossing, the failure to observe the requirements of the Civil Code, §2222, is not per se negligence. The railway company owes such a person no duty except the use of diligence to prevent an accident after the danger is apparent. *A. & C. Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145); *E. T. V. & G. R. Co.* v. *Smith,* 94 *Ga.* 580 (20 S. E. 127); *Southern Ry. Co.* v. *Flynt,* 2 *Ga. App.* 162 (58 S. E. 374).

It is not alleged that the plaintiff's husband intended to cross the track. He appears to have been walking on a path on the defendant's right of way, which ran very near the track. According to the allegations of the petition, he stooped down to tie his shoe and was struck by the train. It necessarily follows that he must have had his head extended over some portion of the track, and apparently he exercised no diligence in his own behalf to avoid the injury which overtook him. Under the holding in *Central R. Co.* v. *Raiford,* 82 *Ga.* 405 (9 S. E. 169), the obligation of a railroad company towards one using a path running along the track on the right of way is no greater than that of one using any other portion of the right of way. While it seems to be anomalous that a plaintiff can recover by showing the injury, if the presumption of negligence arising against the railroad company is not rebutted, without proving the specific allegations of negligence contained in his petition, still, specific acts of negligence upon which he expects to recover must be alleged. As held by the Supreme Court in *South*

*Ga. Ry. Co.* v. *Ryals,* 123 *Ga.* 330 (5, S. E. 428), the presumption of negligence which arises under section 2321 of the Civil Code is only a rule of evidence, and does not dispense with the proper pleading of necessary facts. And while a plaintiff may recover, so far as the evidence is concerned, on the presumption of negligence, he can only recover on the specific acts of negligence alleged as the cause of his injury. *Augusta Ry. & Elec. Co.* v. *Weekly,* 124 *Ga.* 384 (52 S. E. 444); *Cen. R. Co.* v. *Tucker,* 79 *Ga.* 128 (4 S. E. 5), *Cen. R. Co.* v. *Avant,* 80 *Ga.* 195 (5 S. E. 78); *Cen. R. Co.* v. *Nash,* 81 *Ga.* 580 (7 S. E. 808). The petition, therefore, did not set out failure of diligence on the part of the defendant company.

Furthermore, it appears, from the allegations of the petition, that there was a public street parallel with the railroad right of way, which the deceased could have used and thus have avoided the injury. Or even if he had chosen to use the pathway where he was killed, the allegations of the petition, so far from negativing the idea that the deceased, by the exercise of ordinary care, could have avoided the injury, make it apparent that if he had used his senses of sight and hearing in his own behalf in an ordinarily diligent way, the casualty could have been prevented. *Cen. R. Co.* v. *Smith,* 78 *Ga.* 694 (3 S. E. 397); *Wilds* v. *B. & W. R. Co.,* 82 *Ga.* 667 (9 S. E. 595); *Cen. R. Co.* v. *Smith,* 82 *Ga.* 804 (10 S. E. 111); *W. & A. R. Co.* v. *Ferguson,* 113 *Ga.* 713 (39 S. E. 306, 54 L. R. A. 802). As said by the Supreme Court in *Lloyd* v. *Ry. Co.,* 110 *Ga.* 167 (35 S. E. 170), the track itself is an intimation of danger to one walking upon a railroad track, and he should exercise ordinary care in looking and listening for the approach of a train or locomotive. If he fails to do this and is injured, he can not recover. No reason is alleged in the petition why the husband of the plaintiff did not or could not see and hear the approaching train, except that the bell was not rung. It is not alleged that those in charge of the train saw the deceased and failed, after seeing him, to use all necessary precautions for his safety. Under the decision in the *Gravitt* case and others cited above, the company owed the deceased no duty of checking the train or tolling the bell. While the writer personally does not sympathize with the principle announced in these decisions, still, as a matter of law, we are bound thereby. This case would seem to be controlled by

the principle announced in *W. & A. R. Co.* v. *Ferguson*, supra, that "if there is anything present at the time and place of the injury which would cause an ordinarily prudent person to reasonably apprehend the probability, even if not the possibility, of danger to him in doing an act which he is about to perform, then he must take such steps as an ordinarily prudent person would take *to ascertain whether such danger exists,* as well as to avoid the consequences of the same after its existence is ascertained. A railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track."

For these reasons the demurrer should have been sustained and the petition dismissed.                                   *Judgment reversed.*