### 1086. SCHULTES *v.* CAMPOS.

Where the amount in controversy in a justice's court is $50 or less, and the issue involved is one purely of fact, there must be an appeal to a jury in the justice's court before the case can be carried to the superior court.

Certiorari, from Chatham superior court—Judge Cann. January 10, 1908.

Submitted May 6,—Decided December 8, 1908.

*R. L. Colding,* for plaintiff in error.

*E. H. Abrahams,* contra.

RUSSELL, J. Campos brought suit in a justice's court against Schultes. The justice rendered a verdict in favor of the plaintiff. The defendant took the case, by certiorari, to the superior court, and the certiorari was dismissed on the ground that the amount was less than $50 and an issue of fact only was involved. The defendant excepts to the judgment dismissing the certiorari, and contends that a judgment in his behalf was demanded, under the evidence, and that for that reason a question of law only was involved, and that therefore certiorari was the proper remedy. The case turns, therefore, upon the question as to whether there was sufficient evidence to authorize a finding in favor of either party, and especially whether there was evidence enough to authorize the judgment in behalf of the plaintiff, which was rendered by the justice of the peace. It is certain that if no legal verdict could have been rendered except in favor of the defendant, Schultes, only a question of law would have been involved, and the dismissal of the certiorari, upon the reason stated by the judge of the superior court, would have been error. If, however, the judgment of the justice has sufficient evidence to support it, then, under the ruling in *Toole* v. *Edmondson,* 104 *Ga.* 783 (31 S. E.

25), the judgment of the judge of the superior court was correct. The evidence shows that Tiptoe Rahilly went to the plaintiff, Campos, and procured his services to do some plumbing for Schultes. The plaintiff had no express contract with Schultes, and upon this fact the defendant based his entire defense. Nothing, however, is better recognized in the law than that a contract to pay for services rendered may be implied from the acceptance of services of value, with knowledge of the fact that compensation therefor is expected.

Looking at the evidence as a whole, we think that the judge of the superior court properly dismissed the certiorari, because there was a distinct issue of fact as to whether Schultes knew of the performance of the services by Campos from the beginning of the work; knew that Rahilly was not a licensed plumber and could not do this work, and that the work was done under the supervision of his barkeeper, Joe Serpa, who was in charge at the time the work was done. It was further in evidence that Campos had previously done large amounts of work for Schultes, and that he refused to take the contract for Rahilly or otherwise than directly for Schultes. It is true that several of these facts were disputed by testimony for the defendant. That, however, only made an issue as to whether there was or was not an implied contract on Schultes's part to pay Campos for the services, the value of which he had received. If the evidence in behalf of the defendant was to be believed, Campos was expressly notified that he was doing the work for Rahilly instead of for Schultes (which he strenuously denied), and the judgment should have been in favor of the defendant. But it was, after all, an issue of fact alone which was presented by the certiorari, and the amount involved was less than $50, and there must have been an appeal to the jury in the justice's court before the case could be carried by certiorari to the superior court. It is true that the record shows that there was a mistake of addition in the judgment of the justice of twenty-five cents; and if the number of days the plumber was employed was correct, the judgment rendered was again too large by $5.25, because two days services of the plumber at $6 a day would not amount to $17.25, as the item is stated in the bill of particulars attached in the summons. These matters, however, can only be reviewed in the first instance, under the ruling in

*Toole* v. *Edmondson,* supra, by an appeal to the jury; and the defendant loses five dollars and fifty cents by pursuing the wrong remedy. The answer of the magistrate shows that questions of fact were involved exclusively; and in *Western & Atlantic Railroad* v. *Dyar,* 70 *Ga.* 723, it was held that "in a case involving less than fifty dollars, the defendant having carried the case to the superior court by certiorari, alleging as one ground of error that the judgment rendered against him was against the law and the evidence and strongly and decidedly against the weight of the evidence, the certiorari was properly dismissed on the hearing." See also *Hargrove* v. *Turner,* 108 *Ga.* 580 (34 S. E. 1) ; *Macon, Dublin & Savannah R. Co.* v. *Wright,* 122 *Ga.* 654 (50 S. E. 466).

*Judgment affirmed.*