2960.   ATLANTIC COAST LINE RAILROAD CO. *v.* LANE & AUTRY.

1. The statement of the plaintiff's cause of action was sufficient for the purposes of a suit in the justice's court. It set forth plainly an action for damages to personal property. The statements of fact in the summons impliedly charged negligence, although it was not expressly alleged that the defendant was negligent.

2. There was no error in dismissing the certiorari. The remedy of the dissatisfied party was appeal, and not certiorari. An issue of fact was presented, which required the decision of a jury. Where the amount in controversy in a justice's court is $50 or less, and the issue involved is one purely of fact, there must be an appeal to a jury in the justice's court before the case can be carried to the superior court.

DECIDED JULY 25, 1911.

Certiorari; from Grady superior court—Judge Frank Park. September 5, 1910.

*Cain & Willie,* for plaintiff in error.

*Ledford & Terrell,* contra.

RUSSELL, J. 1. Lane & Autry sued the Atlantic Coast Line Railroad Company in a justice's court for damages. The justice of the peace rendered a judgment for the plaintiffs, and the defendant company sued out a writ of certiorari. Upon the hearing in the superior court the judge dismissed the certiorari. In the justice's court the plaintiff in error demurred to the summons generally, and also specially because it was not alleged the killing was done negligently, or by the negligent running of the defendant's' trains or cars. The justice overruled the demurrer, and exception was taken to this ruling. We think the ruling of the magistrate was right. The summons required the plaintiff "to answer to plaintiff's demand upon an action for damages to personal property, . . a copy of which cause of action is hereto attached." In the copy of the cause of action attached to the summons, following an itemized statement of the dates upon which certain hogs were killed and the value of each, it is stated: "All of the above property killed by the running of engine, cars, or other machinery of the Atlantic Coast Line Railroad Company at and near Mc-Griff street crossing in the town of Whigham, Ga., and in said district G. M., said county and State." We have several times ruled that niceties of pleading are not required in a justice's court, though, of course, it is required that the plaintiff shall so plainly and distinctly set forth his complaint as to define his cause of action and enable the defendant to be clearly apprised of what he is required to defend. We understand this to be the rule laid down by the Supreme Court in *Macon & Birmingham Railway Co.* v. *Walton,* 121 *Ga.* 275 (48 S. E. 940), which is cited by counsel for plaintiff in error. In that case it was held that although it was permissible to style the plaintiff's suit as an action upon an account, when it was not technically such an action, a plaintiff is not relieved from the necessity of setting out his cause of action with some degree of certainty, and having a copy of the same attached to the summons. In the *Walton* case the summons called the action a suit upon an account, and did not have attached to it a copy of the cause of action actually sued upon. As Judge Simmons, in delivering the opinion, remarked: "It is impossible to tell, from the summons or from the 'account' thereto attached, the nature of the claim upon which the action was based. There was nothing to put the defendant upon notice of the

character of such claim, that it might be able to prepare a defense." The court did not hold that it was necessary for an action for damages in a justice's court to specifically allege the negligence complained of, but only that the character of the action, if it was one for damages, should be stated. In the present case the summons says plainly that the suit is for "damages to personal property;" and from the statement, in setting forth the cause of action, that the personal property damaged was killed by the running of the engine, cars, and other machinery of the railroad company, it is to be inferred that the railroad company was negligent, because this is the presumption of the law, and when such killing is done and proved the plaintiff has made a prima facie case.

2. The judge dismissed the certiorari upon the ground that it was sued out from the judgment of the justice of the peace in a case where the amount claimed was less than $50, without an appeal to a jury. We think this ruling is correct. The decision is controlled by the ruling of this court in *Schulles* v. *Campos, 5 Ga. App.* 277 (63 S. E. 23). An issue of fact was presented in this case. The plaintiffs showed the killing of the hogs by the trains of the defendant company. This raised the presumption of negligence, which it was the duty of the defendant to rebut by testimony showing that there was no negligence. It could not be said as a matter of law that the testimony of defendant's witnesses was sufficient to rebut the presumption raised by law; and therefore there was an issue of fact which should have been determined by a jury upon appeal. As to one of the hogs alleged to have been killed on August 25th there was no evidence introduced in behalf of defendant.        *Judgment affirmed.*