## 4991. SOUTH GEORGIA RAILWAY COMPANY v. ATKINS.

The strictness of pleading necessary in suits in the superior and city courts is not required in justices' courts. Nevertheless, where a suit is brought in a justice's court against a railroad company for the killing of live stock, it is essential that the plaintiff should, at least in general terms, allege that the killing was the result of the negligence of the defendant company. A failure to make such allegation will subject the summons to dismissal, in the absence of an amendment, upon a demurrer pointing out this defect. The presumption of negligence which the law raises against a railroad company is a rule of evidence, and not of pleading, and is applicable as such to all suits brought against railroad companies in the courts of this State for damage sustained by the running of their engines, cars, or other machinery.

DECIDED SEPTEMBER 9, 1913.

Certiorari; from Brooks superior court—Judge Thomas. May 9, 1913.

*Branch & Snow,* for plaintiff in error. *W. H. Long,* contra.

POTTLE, J. This was an action originating in a justice's court. The summons required the defendant "to answer plaintiff's demand in an action or a suit on a claim for damages; a copy of which said claim for damages is hereto attached." The copy of the claim for damages referred to is as follows: "The South Georgia Railway Co. to Mrs. J. L. Atkins, Dr. July 30th, 1910. To one medium-sized light-colored Jersey cow about three years old, the property of Mrs. J. L. Atkins, killed by your freight train # 6 going north about 9:30 a. m. near the Quitman Foundry in the City of Quitman, $50.00." The defendant demurred on the ground that no cause of action was set forth against it, and that it was not alleged, either in the summons or in the cause of action thereto attached, that the defendant had been guilty of any negligence. The demurrer was overruled, and, after an adverse verdict, the defendant sued out a writ of certiorari to the superior court, which was also overruled; and it excepted.

It has been often ruled that the strictness of pleading required in the superior and city courts should not be applied to suits in justices' courts. Hence it has been held that in a suit in a justice's court against a railroad company, founded upon the negligence of the defendant, a general averment of negligence is sufficient, and the specific acts thereof need not be set forth. *Georgia Southern & Fla. Ry. Co.* v. *Oliver,* 6 *Ga. App.* 308 (64 S. E. 1007) and cases cited. In *Atlantic Coast Line R. Co.* v. *Lane,* 9 *Ga. App.*

524 (71 S. E. 918), the plaintiff sued the railroad company for the killing of live stock. In the summons the plaintiff was required "to answer to plaintiff's demand upon an action for damages to personal property . . a copy of which cause of action is hereto attached." In the copy of the cause of action it was stated: "all of the above property killed by the running of engine, cars, or other machinery of the Atlantic Coast Line Railroad Company at and near McGriff-street crossing in the town of Whigham, Ga., and in said district G. M., said county and State." It was held that the summons was sufficient, and that there need be no express averment of negligence, since, where property was killed by the running of the engines, cars or other machinery of the railroad company, there was a presumption of negligence, and the plaintiff made out a prima facie case upon proof of such killing. In the case of *Ga. Ry. & El. Co.* v. *Knight,* 122 *Ga.* 290 (50 S. E. 124), suit for damages was brought in a justice's court. It was held: "The defendant company had the right to be put on notice of the specific acts of negligence by reason of which it was charged that the plaintiff had been damaged. But a suit in a justice's court which in general terms alleged negligence was good against an oral demurrer, made after trial before the justice and at the trial upon an appeal to a jury in the justice's court." Upon further reflection we are satisfied that the decision of this court in the *Lane* case supra, is not in harmony with the ruling of the Supreme Court in the case last cited. The presumption of negligence which the law raises against a railroad company is a rule of evidence, and not of pleading. It is therefore necessary, in a suit in a superior or city court, claiming damages on account of negligence of the railroad company, to allege affirmatively that the defendant was negligent, and, if the information is called for by special demurrer, the petition is defective if it does not set forth the specific acts of negligence upon which the plaintiff relies. *Ga. R. Co.* v. *Williams,* 3 *Ga. App.* 272 (59 S. E. 846). This allegation of negligence may be proved by the presumption of negligence which the law raises; and if this presumption is not rebutted, the plaintiff will be entitled to recover. This presumption extends only to the acts of negligence alleged. *Ga. R. Co.* v. *Williams,* supra. Hence, before any presumption will arise, negligence must be alleged. While the same strictness of pleading which prevails in the superior and city courts is not required in a

justice's court, it is nevertheless necessary in that court to allege negligence in general terms, or else the summons and the cause of action attached thereto will be subject to demurrer. Except as to the form of the pleading, the rule that the presumption of negligence which the law raises against railroad companies is a rule of evidence, and not of pleading, is applicable in the same way in all courts. This has been the rule announced by the Supreme Court, and the decision of this court in the case of *Lane,* supra, is not in harmony with this ruling, and for this reason can not be followed. The court erred in overruling the demurrer.

*Judgment reversed.*