9346.  SENECA COMPANY INCORPORATED *v.* SCHELL, administratrix.

HARWELL, J. 1. The record does not show what were the defendant's objections, which were sustained by the trial magistrate, to the admission in evidence of the original order, or what were the plaintiff's objections, which were overruled, to the admission of the testimony complained of. It is therefore not made to appear that the judge of the superior court

erred in overruling the third and fourth grounds of the petition for certiorari.

2. No real issue of fact was raised upon the trial of the case; hence certiorari was the proper remedy. *Toole* v. *Edmondson,* 104 *Ga.* 776-784 (31 S. E. 25); *Shultes* v. *Campos,* 5 *Ga. App.* 277 (63 S. E. 23). However, in the state of the record, it does not appear that the court erred in overruling the certiorari, and the judgment is

*Affirmed.    Broyles, P. J., and Bloodworth, J., concur.*

DECIDED AUGUST 1, 1918.

Certiorari; from Putnam superior court—Judge Park.    October 26, 1917.

The Seneca Company Incorporated brought suit upon an account for $16.56, in a justice's court against S. M. Schell, doing business under the name of Phoenix Supply Company.    The justice rendered, judgment in favor of the defendant.    The plaintiff obtained certiorari, which the judge of the superior court overruled on the hearing; and the plaintiff excepted.    The errors complained of in the petition for certiorari are: that the judgment is contrary to law and without evidence to support it; contrary to the evidence; that "the court erred in refusing to allow the original contract or order given by Phœnix Supply Company to the Seneca Company for the purchase of the said goods to be introduced in evidence, said contract or order being set out in full in par. 8 of this petition; as the said contract or order was the best evidence to be had by the court in the trial of the case;" and that "the court erred in allowing the testimony of S. M. Schell and S. E. Maddox to be introduced over the objection of plaintiff."

It was insisted by counsel for the defendant that, as the amount involved was under $50, and as appeal and not certiorari was the remedy, the judgment of the judge of the superior court in overruling the certiorari was correct.

*R. C. Jenkins, M. F. Adams,* for plaintiff.

*Davidson & Callaway,* for defendant.