21911. SOUTHERN RAILWAY COMPANY *v.* GRIZZLE.

SUTTON, J. 1. Since the passage of the act of 1881 (Civil Code of 1910, § 4715), "the plaintiff in an action in a justice's court must set forth, with some degree of certainty, a cause of action." *Macon & Birmingham Ry. Co.* v. *Walton,* 121 *Ga.* 275 (48 S. E. 940).

2. However, the niceties of pleadings are not required in a justice's court.

If the defendant is informed of the nature of the plaintiff's demand against him, the requirement of the above section is met. *Southern Railway Co.* v. *Collins*, 118 *Ga.* 411 (45 S. E. 306) ; *Southern Railway Co.* v. *Oliver*, 1 *Ga. App.* 734 (2) (58 S. E. 244) ; *Hendrix* v. *Elliott*, 2 *Ga. App.* 391 (58 S. E. 495) ; *Kinney* v. *Kinney*, 20 *Ga. App.* 816 (93 S. E. 496).

3. The terms of the above section of the code do not necessitate a specific allegation of negligence, or a detailed relation of the acts from which negligence may be inferred, or by which it is to be proved, or that the plaintiff set out a statement of facts which constitute the alleged negligence. *G., S. & Fla. Ry. Co.* v. *Barfield*, 1 *Ga. App.* 203 (58 S. E. 236).

4. In the present case the summons and demand attached, together with the amendment thereto, notified the defendant of the time, place, and manner of killing the dog, the kind of dog, its value, that the defendant was indebted to the plaintiff in the sum of $50 "for wrongfully killing said dog," and that the plaintiff owned the dog. In these circumstances, the purpose of the above section was substantially complied with. *Southern Railway Co.* v. *Varn*, 102 *Ga.* 764 (29 S. E. 822) ; *A. C. L. R. Co.* v. *Lane*, 9 *Ga. App.* 524 (71 S. E. 918).

5. The present case is distinguishable from *M. & B. Ry. Co.* v. *Walton*, supra; *Mayer* v. *Southern Express Co.*, 17 *Ga. App.* 744 (88 S. E. 403), and *Jackson* v. *Menter Co.*, 20 *Ga. App.* 666 (93 S. E. 255). In those cases the nature of the cause of action did not appear. In the case at bar the action is for the wrongful killing of plaintiff's dog of the value of $50.

6. The evidence authorized the verdict; and the judge of the court below did not err in refusing a certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided July 14, 1932.

*F. A. Cantrell, Maddox, Matthews & Owens,* for plaintiff in error. *Joseph M. Lang,* contra.