31109.   CALLIER v. TRUSSELL.

144

Decided May 23, 1946.  Rehearing denied July 25, 1946.

*Brooks Culpepper, John A. Smith,* for plaintiff in error.

*G. R. Jacob,* contra.

MacIntyre, J.  The Code, § 62-603, creates a special tribunal for hearing cases in which damages are claimed on account of the trespass of animals at large (on lands not required to be fenced by the laws of this State), and designates a justice of the peace in the district where the trespass occurred to preside over the case and issue a summons as in other suits, which is returnable five days from the date thereof, requiring the owner of such stock to be and appear at a time and place there named, and which shall be served as other summons.  In the instant case a petition was addressed to "The Justice of the Peace for the 685th District, G. M., of Talbot County, Georgia."  It was alleged therein that the bull in question had damaged the plaintiff in the amount of $150, and had been impounded by the plaintiff, and that the plaintiff and the defendant could not agree on the amount of the damages.  The petition was sworn to before J. S. Parker, notary public and ex officio justice of the peace.  Thus we think that enough appeared on the face of the petition to show the case to be in the reach or jurisdiction of the special tribunal created under the Code, § 62-603.  14 Am. Jur. 276 (9).  The petition showed jurisdiction of the special tribunal over the subject-matter of the cause of action.  14 Am. Jur. 386 (14, 15).  The petition was attached to the summons, which is as follows:

"H. L. Trussell                    In the J. P. Court for the
        v.                         685th District of Talbot
L. E. Callier.                     County, Ga., July Term, 1945.

"To the Sheriff of said County or his Lawful Deputies.  Greeting:—The Justice of the Peace for the Centerville District having disqualified himself, and jurisdiction having been taken by this court, the defendant, L. E. Callier, is hereby required to be and appear at the Justice Court for the 685th District at the courthouse in Talbot County, Georgia, on the fourth Monday in July, 1945, next, then and there to answer the plaintiff's complaint, to which

this process is annexed, as in default thereof said court will proceed as to justice shall appertain." Code, § 81-220, is as follows: "No technical or formal objections shall invalidate any process; but if the same shall substantially conform to the requisites of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: Provided, a legal cause of action as required by this Code is set forth." A written plea to the jurisdiction was filed in the primary court, which raised the point that the presiding judge, J. S. Parker, notary public ex officio justice of the peace, had no jurisdiction to preside over or give judgment in the case, and that "said case is entirely under the jurisdiction of the justice of the peace in said district." The notary public ex officio justice of the peace overruled the plea to the jurisdiction, proceeded to try the case, and rendered a judgment against the defendant for $75. The defendant appealed the case to the superior court, which likewise overruled the written plea to the jurisdiction, based upon the same grounds as those filed in the primary court. To this ruling the defendant excepted and the case is now here for decision.

It seems to us that under this written plea to the jurisdiction the question for determination is whether, under the circumstances here, the notary public ex officio justice of the peace could preside over the special tribunal established by the provisions of the Code, § 62-603, or whether only the elected justice of the peace could preside over such special tribunal.

The Code of 1867, § 470, provided for the election by the people of two justices of the peace in each militia district of the several counties of the State. The Code of 1873, § 435, provides: "There shall be [one] (a) justice of the peace in each militia district of the several counties of this State, elected by the people of each district, in the manner hereinafter prescribed, who hold their offices for four years, unless sooner removed." The Code of 1873, § 436, provides: "Notaries public may be appointed by the Governor, not to exceed one for each militia district, for a term of four years, and shall be, *ex officio* justices of the peace." The Code of 1882, § 435, provides: "There shall be [one] (a) justice of the peace in each militia district of the several counties of this State, elected by the people of each district, in the manner hereinafter prescribed, who hold their offices for four years, unless sooner removed." The

Code of 1882, § 436, further provides: "Commissioned notaries public, not to exceed one for each militia district, may be appointed by the judges of the superior courts in their respective circuits, upon recommendation of the grand juries of the several counties. They shall be commissioned by the Governor for the term of four years, and shall be *ex officio* justices of the peace, and shall be removable on conviction for malpractice in office." These provisions (except certain constitutional provisions not applicable, permitting the abolition of the justice of the peace courts in counties with cities of over 20,000 population) have been the same in the various Codes since the Code of 1882 with reference to justices of the peace, elected, and notaries public ex officio justices of the peace, appointed.

On August 11, 1904, the Supreme Court, speaking through Mr. Justice Cobb, stated that the commissioned notaries public have all the powers of the justices of the peace who are elected by the people. *Ormond* v. *Ball,* 120 *Ga.* 916, 919 (48 S. E. 383). It seems to us that the judge of the superior court did not err in overruling the written plea to the jurisdiction on the ground that the notary public ex officio justice of the peace could not preside over the special tribunal provided in the Code, § 62-603, under the circumstances stated above. Upon an examination of the original record, it appears that in *James* v. *Thompson,* 22 *Ga. App.* 450 (96 S. E. 333), which was decided after being certified to the Supreme Court (*James* v. *Thompson,* 148 *Ga.* 201, 96 S. E. 216), the justice of the peace who acted as a judge of the special tribunal created under the Code, § 62-603, was a notary public ex officio justice of the peace. The original record in *Hall* v. *Simmons,* 54 *Ga. App.* 568 (188 S. E. 597), likewise shows that the justice of the peace who acted as judge of the special tribunal created under such Code section was a notary public ex officio justice of the peace; and while it does not appear from the decisions in either of those cases that the point decided is the same as in the present case, we do not cite them as precedents, but merely mention them as being disclosed by the original records. The bill of exceptions recites that there was also an oral motion, made after the case was appealed to the superior court, on the ground of lack of jurisdiction, in that the case had been brought originally to the wrong court, to wit, the regular justice court instead of the special tribunal

created under the Code, § 62-603. Even if such a plea to the jurisdiction could have been made by an oral motion in the superior court after the case had been appealed from the justice court (see Code, § 6-303; *Montgomery* v. *Fouché,* 125 *Ga.* 43, 53 S. E. 767; *Willingham* v. *Buckeye Cotton Oil Co.,* 13 *Ga. App.* 253, 79 S. E. 496), we do not think that the overruling of such plea to the jurisdiction was reversible error, for the petition showed jurisdiction of this special tribunal over the subject-matter alleged in the petition. Adopting the language of the Supreme Court of Georgia in *Southern Ry. Co.* v. *Collins,* 118 *Ga.* 411, 415 (45 S. E. 306), "The object of the law requiring a copy of the cause of action to be attached to the summons being that the defendant shall be informed of the nature of the plaintiff's demand against him, it is immaterial whether the statement of the cause of action is contained in the body of the summons or is actually attached to the summons. The case clearly falls within the provisions of the Civil Code, § 4994 [§§ 81-114, 81-220], which declares: 'No technical or formal objections shall invalidate any petition or process, but if the same substantially conforms to the requirements of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: *Provided,* there is a legal cause of action set forth as required by this Code.'" The judge did not commit reversible error in overruling this ground of the plea to the jurisdiction.

The fact that the summons or process, issued on June 15, 1945, was not returnable "five days from the date thereof," but required the defendant to be and appear on the fourth Monday in July, 1945, at the Justice Court for the 685th District, was not fatal to the jurisdiction in this case. Code, § 62-603, creating the special tribunal in question, does not fix any regular date for holding such court, and the language, "such justice shall issue a summons as in other suits, returnable five days from the date thereof," containing no negative words, does not divest the justice of the peace of authority to preside over such special tribunal on other days. 14 Am. Jur. 264 (5).

No reversible error appearing in the record in this case, the decision is affirmed.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*