### 39633. FURMAN v. SMITH et al.

Russell, Judge. 1. While in suits in a justice court niceties of pleading are not insisted upon and it is only required that the cause of action sued on, whether attached to or incorporated in the summons, be sufficient to inform the defendant of the nature of the claim upon which the action is based (*Code* § 24-1102; *Southern R. Co. v. Collins*, 118 Ga. 411, 45 SE 306; *Fountain v. L. & N. R. Co.*, 61 Ga. App. 180, 6 SE2d 105; *Jackson v. Brothers & Sisters of Promise*, 6 Ga. App. 761, 59 SE 11), and while it is not necessary to make specific allegations of negligence or a detailed relation of the acts from which negligence may be inferred, or to set out a statement of facts constituting the alleged negligence (*Georgia Sou. &c. R. Co. v. Barfield*, 1 Ga. App. 203, 58 SE 236; *Southern R. Co. v. Grizzle*, 45 Ga. App. 428 (3), 165 SE 149); nevertheless, it is necessary in a case sounding in tort to allege, at least by way of conclusion, that the damage for which the action is brought is the result of negligence on the part of the defendant. *South Ga. R. Co. v. Atkins*, 13 Ga. App. 416 (79 SE 226); *Powell v. Anderson*, 56 Ga. App. 592 (1) (193 SE 450).

2. A motion to dismiss the summons in the nature of a general demurrer may be made in the superior court after the case has been tried in the justice court and appealed for a de novo

trial under the provisions of *Code Ch.* 6-3. *Macon & Birmingham R. Co. v. Walton,* 121 Ga. 275 (48 SE 940).

3. It is contended by the plaintiff in error that the defect can be reached only by special demurrer because of the language in the *Atkins* case, supra, to the effect that in such event the summons will be dismissed "in the absence of an amendment, upon a demurrer pointing out this defect." However, in the *Powell* case, supra, examination of the record reveals that the only demurrers filed to the petition were general in nature on the grounds that the summons set forth no cause of action and stated no grounds upon which a recovery could be had. This contention is accordingly without merit. In the *Grizzle* case, supra, although there was no detailed allegation of negligence, either by specific statement or by detailed facts, the allegation that the dog was "wrongfully killed by the defendants" was construed as sufficient to allege negligence. Here the summons not only fails to allege that the defendants wrongfully or negligently damaged the plaintiff's car but fails to allege even that the defendants were involved in the collision or that, if so, the collision was caused by the negligence of the defendants rather than that of the plaintiff himself or a third party. Accordingly, it was subject to the defect which caused the court to hold in the *Atkins* and *Powell* cases, supra, that no cause of action was set out.

4. The decision in *A. C. L. R. Co. v. Lane & Autrey,* 9 Ga. App. 524 (1) (71 SE 918) was based upon an erroneous concept that the presumption of negligence against railroad companies could be invoked in aid of pleading, and the case was disapproved in *Atkins,* supra. It is therefore not authority for a contrary holding.

5. There is no assignment of error upon the refusal of the judge of the superior court to grant the plaintiff time to amend upon his request to do so after the court indicated orally that the motion to dismiss would be sustained. The propriety of this action is not involved here.

The Magistrate's Court of Clarke County in which this case originated has by statute the same rules of procedure as justice of the peace courts. See Ga. L. 1960, p. 3208. It follows that the judge of the superior court did not err in dismissing the summons.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

744

*Jim Hudson,* for plaintiff in error.
*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* contra.