## POWELL *v.* ALFORD.

Under section 4116 of the Civil Code, which prescribes how suits in a justice's court shall be brought, "such justice or notary public shall attach a copy of the note, account, or cause of action sued on to [the] summons at the time the same is issued." The above-quoted language was taken from the act of September 21, 1881. Acts 1880–1, p. 66. Since the passage of that act the plaintiff in an action in a justice's court must set forth, with some degree of certainty, his cause of action, and, having done so, must recover, if at all, upon the cause as laid, and can not recover upon a different and distinct ground of liability.

Submitted June 1, — Decided July 20, 1901.

Certiorari. Before Judge Lumpkin. Fulton superior court. November 26, 1900.

*Ben. J. Conyers*, for plaintiff. *Albert & Hughes*, for defendant.

FISH, J. Powell brought suit, in a justice's court, against Wood as principal, and Alford as guarantor, on an open account. The summons issued by the justice and the copy of the account thereto attached both showed that Alford was sued as guarantor. Upon the trial, after the introduction of the evidence, the magistrate dismissed the case as to Alford and rendered judgment in favor of the plaintiff against Wood. The plaintiff appealed the case to a jury, who rendered a verdict in favor of the plaintiff against Alford alone, and the magistrate entered judgment accordingly. Alford took the case by certiorari to the superior court, alleging in his petition, among other things, that the verdict was contrary to law and the evidence. The court sustained the certiorari, set the verdict and judgment against Alford aside, and dismissed the case as to him, stating that the case was controlled by a question of law. In an opinion accompanying this judgment, our learned brother of the trial bench says: " The suit was against J. F. Wood and G. W. Alford, guarantor. No amendment was made either to the summons or the account sued on, both of which stated Alford to be guarantor. I can not surmise a possible amendment or send the case back on such a surmise. The plaintiff, having so sued Alford, must so recover against him, if at all. He could not, in such a suit, recover against him as sole principal debtor. He clearly can not recover against him as guarantor, under the evidence, because if there was any guaranty it was in parol." " Plaintiff in error, however, insists that the evidence made out a case of original un-

dertaking, not guaranty, against Alford, and that a verdict against him as principal debtor can stand, even if the summons and account be construed as alleging a cause of action against him in the character of 'guarantor'; because there is practically no pleading in a justice court, and there should, of course, be none." We agree with his honor that no recovery could be had against Alford as guarantor, because the evidence did not show any guaranty in writing, and that the plaintiff, having sued him as guarantor, could not recover against him as principal debtor. To support the contention that, under the evidence, a verdict against Alford as principal debtor can stand, although he was sued as guarantor, the two cases upon which the plaintiff in error mainly relies are *Howell* v. *Field,* 70 *Ga.* 592, and *Baldwin* v. *Hiers,* 73 *Ga.* 739. In the first of these cases it was held that though the defendant was sued " on promise to pay the debt of" two other named persons, a judgment could be lawfully rendered against him upon proof showing that, by agreement between all parties concerned, he had become, by substitution, the real debtor of the plaintiff, the original debtors being released, without amending the summons to conform to this proof. In the other case it was held that one sued in a justice's court as guarantor could be held liable upon proof showing that his promise to pay the debt was an original undertaking on his part. Either of these cases, especially the latter, might afford authority for sustaining the contention of the plaintiff in error, were it not for the fact that in each the suit was brought, in a justice's court, before the passage of the act of September 21, 1881 (Acts 1880 – 1, p. 66). This fact in reference to the *Howell* case we have ascertained from the record in that case, on file in this court, and in the *Baldwin* case it is shown by the reporter's statement of the case, which precedes the opinion of the court. The act of 1881 amended the previous law in reference to suits in a justice's court, by requiring that the " justice or notary public shall attach a copy of the note, account, or cause of action sued on, to [the] summons at the time the same is issued." This requirement is now a part of section 4116 of the Civil Code, which provides how suits in justices' courts shall be brought. In the case of *Vaughan* v. *McDaniel,* 73 *Ga.* 97, which was decided at the term preceding the one at which the decision in the *Baldwin* case was rendered, it was held that " The object of the act of 1880 (Code, § 4139), which required

the summons in justices' courts to have the cause of action sued on attached thereto, was to give the defendant notice of what he was required to meet; and since its passage, such cause can not be changed to a totally different cause of action." The act here referred to is really the act of September 21, 1881. See Acts 1880 – 1, p. 66. This decision is directly in point, and is conclusive upon the question under consideration. If the cause of action set forth in the exhibit attached to the summons can not be changed to a totally different one, certainly a suit upon one cause of action can not be supported by proof establishing an entirely different and distinct ground of liability against the defendant. Since the passage of the act of 1881 the plaintiff in an action in a justice's court must set forth his cause of action with some degree of certainty, and, having done so, can not recover on a different and distinct ground of liability.

<i>Judgment affirmed. All the Justices concurring.</i>