## ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY *v.* SHIPPEN.

1. "While the law does not require that a·pleader in a justice's court shall set forth his cause of action with all the formality which the law requires in courts of record, what is required to be set forth is subject to the rule that pleadings are to be taken most strongly against the pleader."

2. Applying in the present case the rule just cited, that which constituted the pleadings was ambiguous in meaning, and, when taken most strongly against the pleader, set forth a claim for a penalty, which was not within the jurisdiction of the court.

Submitted July 18,—Decided November 14, 1906.

Appeal. Before Judge · Gober. Gilmer superior court. May 16, 1905.

The plaintiff sued the railway company in a justice's court. The summons required the defendant to appear and "answer plaintiff's demand in an action of debt due by account for overcharge on freight, a copy of which is hereto attached." The account attached was as follows:

"Ellijay, Ga., Oct. 12, 1904.

The Atlanta, Knoxville & Northern R. R. Co.

Dr. to W. H. & F. E. Shippen

March 29, 1904.  To freight collected on 11 heater section,
   2 boxes of fixtures, 7 grate bars, 2 bds. pokers, 2 bags
   asbeste, 4245 lbs. ................................ $57.42
Should be 4245 lbs. at 68 cts. per 100 lbs. .............. 28.86

                   Overcharge ................... $28.55

"To double said overcharge for failing to repay said over-
   charge within 30 days after a demand had been made by
   W. H. & F. E. Shippen upon the Atlanta, Knoxville, &
   Northern R. R. Co. to repay said overcharge.......... $57.10."

Following the account was an affidavit of one of the plaintiffs
that the defendant was indebted to them "$57.10 as stated above,"
and that the amount was due and unpaid.  The defendant filed a
plea to the jurisdiction, which in effect set up that the suit was for
a penalty, and should be brought in the county of defendant's resi-
dence and principal office, which was Fulton county.  The case was
carried, by appeal, to the superior court.  When the case came on
for trial on the appeal, the defendant moved to dismiss the action,
upon the ground that it was a suit for a penalty, and the justice's
court had no jurisdiction.  The court overruled the motion, hold-
ing that the plaintiffs could proceed against the defendant for the
recovery of the actual overcharge which had been collected.  This
ruling is assigned as error.  Upon the conclusion of the evidence
the judge directed a verdict for the plaintiff, for $28.55.

   *Clay & Blair* and *A. N. Edwards,* for plaintiff in error

   *A. H. Burtz* and *J. Z. Foster,* contra.

   COBB, P. J.  (After stating the foregoing facts.)  If the summons
be considered alone, the suit was simply for an overcharge.  If the
account attached be considered alone, it is doubtful whether it con-
stitutes a claim for an overcharge and a penalty, or a claim merely
for a penalty.  The affidavit to the account indicates an intention
to claim a penalty only, as indicated by the amount referred to in
the affidavit, taken in connection with the item in the account.
When the summons, the account, and the affidavit are all taken to-
gether, it is doubtful what is the character of the claim sought to
be recovered.  It might be construed to be a claim for an over-
charge.  It might be construed to be a claim for a penalty.  It is
possible to construe it as a claim for a penalty and an overcharge.
In other words, that which constitutes the pleadings in this case

is doubtful and equivocal. The rule that a pleading is construed most strongly against the pleader is applicable to that which takes the place of pleading in a justice's court. The penalty for the use of equivocal language is to be imposed in that court, as well as any other court; and the penalty for the use of such equivocal language is a dismissal, if the most unfavorable construction would oust the court of jurisdiction. *Atla. & West Pt. R. Co.* v. *Ga. Ry. & Elec. Co., 125 Ga.* 798. In the case just cited the plaintiff saved his case by amendment, which removed the ambiguity. There was no amendment in this case, and the penalty for equivocal language should have been imposed and the case dismissed.

*Judgment reversed. All the Justices concur.*