## 429.　HENDRIX v. ELLIOTT.

1. An account attached to a summons in a justice's court, and set forth in the following language, to wit: "A to B, dr., to commissions to sales on real estate to Dr. Grove, as per agreement, $75.00," sufficiently indicates and specifies "some particular fact or transaction as a cause of action" to authorize an amendment amplifying the details and circumstances of the particular transaction.

2. A .rule of liberal construction is to be applied to §4116 of the Civil Code, because the same degree of strictness and precision is not required in justices' courts as in courts of higher jurisdiction. If a defendant in the justice's court is informed of the nature of the plaintiff's demand against him, the purpose of the law is fulfilled.

Appeal, from Fulton superior court—Judge Pendleton. February 2, 1907.

Argued June 25,—Decided July 10, 1907.

*W. H. Terrell,* for plaintiff in error.

*Aldine Chambers, W. M. Smith,* contra.

RUSSELL, J. This suit started in the justice's court. It was appealed to the superior court. The summons called the defendant to answer to an action of debt due on account. Attached to the summons was the following copy of the account:

"J. H. Hendrix, to J. H. Elliott, dr., to commissions on sales of real estate to Dr. Grove, as per agreement, $75.00."

After the appeal to the superior court the defendant moved to dismiss the case, "on the ground that no cause of action was set forth in the case of the alleged account attached to the summons." The court overruled this motion, and allowed the plaintiff to amend by setting forth with greater particularity the sales referred to, and how the indebtedness for commissions was created. The defendant excepted pendente lite to the overruling of his motion to dismiss, and to the allowance of the amendment. There is no assignment of error in the bill of exceptions as to the rulings to which exceptions were taken pendente lite; and while error may be assigned as to the subject-matter of exceptions pendente lite by distinct assignment of error in the brief or written argument in this court, it is doubtful in this case whether there is anything even thus presented to our consideration in the brief of counsel for plaintiff in error. As, however, several authorities are referred to, and the point is made that there was nothing to

amend by so far as the amendment allowed was concerned, we will consider the brief as containing an assignment of error as to the orders complained of in the exceptions pendente lite.

We think the trial judge did right in requiring the plaintiff to amend, and in refusing to dismiss the case. Really no amendment was necessary. As held by this court in *Georgia So. Ry. Co.* v. *Barfield,* 1 *Ga. App.* 203, 58 S. E. 236, niceties in pleading are not required in justices' courts. The requirement of the Civil Code, §4116, was certainly sufficiently complied with by the allowance of the amendment, and the statement, "to commissions on sales of real estate to Dr. Grove, as per agreement, $75.00," set forth a cause of action. The use of the word "commissions" indicated clearly that the plaintiff claimed either a percentage or a fixed amount for services as an agent, representing either the seller or the buyer in the purchase of property. The word "sales" put the defendant on notice that there was more than one of the transactions involved. It was clearly stated that the sales for which plaintiff claimed compensation were of real estate. The transactions were then particularly identified by stating that one Dr. Grove was the purchaser of the pieces of real estate in the sale of which plaintiff was concerned and for which he claimed compensation, and the matter was still further identified by the statement that there had been an agreement in reference to the commissions, which, in the absence of anything to the contrary, could only be inferred to be between plaintiff and defendant. "A petition showing a plaintiff, and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by." Civil Code, §5098. The plaintiff in error cites us to the cases of *Thomas* v. *Forsyth Chair Co.,* 119 *Ga.* 693, 46 S. E. 869, *Powell* v. *Alford,* 113 *Ga.* 979, 39 S. E. 449, and *M. & B. R. Co.* v. *Walton,* 121 *Ga.* 275, 48 S. E. 940, to establish the proposition that the cause of action is not set forth with sufficient certainty. None of these cases would be applicable to the cause of action attached to the summons in this case. As we have shown, the statement as to the account indicates and sufficiently specifies a particular transaction as required by the code. The defendant is given notice of what he is required to meet. In the first case cited by counsel for plaintiff in error the judgment was reversed, not only because no bill of particulars

was attached to the summons, but because there was nothing to furnish reasonable notice to the defendant as to the character of the plaintiff's demand. By an examination of the original record in *Thomas* v. *Forsyth Chair Co.,* in the clerk's office of the Supreme Court, we find that the account attached in that case to the summons contained no reference whatever to what it was for,—no bill of particulars. It was as follows: "Thomas & Blake in account with Forsyth Chair Company. Chairs and rockers, 1901. April 30, $22.00; Sept. 12, $8.50. $30.50." Following that account are two statements, both dated September 12; one for one dozen 156, duplicate, $8.50; the other two dozen 60, $17.00, half dozen 156, $23.00, less rebate $1.00, leaving $22.00. It is clear from these accounts that no one could tell what was purchased.

In *Powell* v. *Alford,* Alford was sued as a guarantor, and judgment was rendered against him as a principal. The case was taken by certiorari to the superior court, where the certiorari was sustained and the judgment against Alford set aside on the express ground that, having been sued as a guarantor, a judgment against him as principal could not be sustained; the court holding as follows: "The suit was against J. F. Wood and G. W. Alford as guarantor. No amendment was made either to the summons or the account sued on, both of which stated Alford to be guarantor. I can not surmise a possible amendment or send the case back on such a surmise. The plaintiff, having so sued Alford, must so recover against him, if at all. He could not, in such a suit, recover against him as sole principal debtor." The case was then carried to the Supreme Court by writ of error and the judgment of the trial court affirmed, the court holding: "The plaintiff in an action in a justice's court must set forth with some degree of certainty his cause of action, and, having done so, must recover, if at all, upon the cause as laid, and can not recover upon a different and distinct ground of liability." The holding thus embraced two ideas only: one, that the cause of action in that case was set forth with certainty, and the other that, being thus set forth, the plaintiff must recover on his cause of action as laid, and can in no event recover on a totally different cause of action.

While in the third case cited by counsel for plaintiff in error, it *was* held that a motion to dismiss the action was proper where no cause of action was set forth (even after an appeal had been

entered to the superior court) and that that motion should have been sustained in the case then being considered, still the decision in that case is authority for what we now hold. The court, in deciding that there was nothing in the statement of account in that case to put the defendant upon notice of the character of plaintiff's claim, inferentially decided, in the spirit of the code, that where, as in this case, there is ample statement to put the defendant on notice and enable him to prepare his defense, the suit should not be dismissed.

The plaintiff in error also relies upon the decision of *Atlanta Ry. Co.* v. *Shippen,* 126 *Ga.* 784, 55 S. E. 1031. The decision in that case is simply that the suit should have been dismissed because it was doubtful what was the character of the claim sought to be recovered. As said by the Supreme Court, "It might be construed to be a claim for an overcharge. It might be construed to be a claim for a penalty. . . The penalty for the use of . . such equivocal language is a dismissal, if the most unfavorable construction would oust the court of jurisdiction. . . There was no amendment in this case, and the penalty for equivocal language should have been imposed and the case dismissed." The only points in the decision are, that, under the facts stated, the suit could be construed as one for penalty, without an amendment, and should therefore have been dismissed; and that by amendment it could have been saved, the court referring to *Atla. R. Co.* v. *Ga. Ry. Co.,* 125 *Ga.* 798, 54 S. E. 753, in which the plaintiff saved his case by amendment. The defendant in error seems to have had the latter case in mind in preparation of the amendment allowed in this case. If there were ambiguity in the cause of action as originally set forth, it was relieved by the amendment. There was no error in allowing the amendment, or in overruling the motion to dismiss. The exception taken to the order overruling the motion for new trial is without merit. The plaintiff fully established his case, if the jury preferred to believe him and his witnesses in preference to the testimony of the defendant, which was uncorroborated; and the trial judge having approved the finding of the jury, we have neither the power nor the disposition to disturb their verdict as to the facts nor to interfere with the proper judgment of the court in the premises.

*Judgment affirmed.*