## 527. PATTERSON v. SAMS.

1. Niceties of pleading are not required in the justices' courts; and an allegation, in a petition attached to the summons, that the servant of the defendants fired a brush heap near the line of plaintiff's land, and went away and left the fire burning near the property of the plaintiff, which was destroyed by fire, is ample allegation of negligence.
2. The word "servant" in the Civil Code, § 3817, refers only to domestic servants.
3. One can not complain of a ruling which he himself has invoked.
4. The verdict was authorized by the evidence and there was no error in refusing a new trial.

Action for damages, from Fayette superior court—Judge Reagan. April 29, 1907.

Submitted October 22,—Decided October 31, 1907.

J. W. Wise, for plaintiff in error.

W. B. Hollingsworth, J. W. Culpepper, contra.

RUSSELL, J. Mrs. Sams brought suit against Will and George T. Patterson, in a justice's court, for $100, damages, alleging that the defendants caused 93 cords of her wood to be burned and destroyed. It appears that the justice rendered a judgment with which the plaintiff was dissatisfied, and she appealed to a jury in the justice's court. After verdict by the jury in the justice's court, the case was carried by certiorari to the superior court, and the judgment of the justice's court was reversed, and the case was remanded for another trial in the justice's court. Before this trial the case was, by consent of both parties, appealed to the superior court. On the trial in the superior court, upon motion of plaintiff's counsel, a nonsuit was granted as to Will Patterson, and a verdict was rendered against G. T. Patterson for $65. Before proceeding to trial in the superior court, the defendants demurred generally and specially to the plaintiff's petition attached to the summons in the justice's court. They demurred specially because the petition did not set out the kind of servant the defendants employed, nor what his duties were, and because the petition failed to set out with sufficient certainty in what manner the defendants were negligent, or in what way their servant was negligent. The court overruled the demurrers, and exceptions were filed pendente lite. Error is assigned on the judgment overruling the demurrers, and on the order granting the nonsuit, and on the refusal of the motion for new trial.

1, 2. There was no error in overruling the demurrers. The petition alleged, that "defendants, by their servant, one Carl Scott, fired a brush heap on their land, and negligently went away and left said fire burning," etc. Under the ruling in *Lockett* v. *Pittman,* 72 *Ga.* 817, the word "servant" can have no other meaning than a domestic servant, and no other duties than those which appertain to such servants. And even if in an action brought in the superior court it were necessary to allege special facts showing the servant to be a domestic servant, and to set forth the duties of such servant with particularity, this is not necessary or required in a justice's court. Nor was there any merit in the defendants' second ground of special demurrer. The allegation, that the defendants' servant, Carl Scott, allowed fire to spread from the brush heap near the line of plaintiff's premises, which had been fired by him, and to·spread to petitioner's land, where it burned her wood, because he went away and left the fire burning, well knowing that said fire was near the property of plaintiff and likely to spread to her property if left unwatched, is, we are clear, a sufficiently certain statement of the manner in which the defendants and their servant were negligent, to withstand a special demurrer in any court, and far more ample than was required in a justice's court.

It must be borne in mind that the case, being in the superior court by appeal from the justice's court, must be tried as if it were still in the justice's court. And, as was expressly held in *Ga. S. & F. Ry. Co.* v. *Barfield,* 1 *Ga. App.* 203 (58 S. E. 236), "the terms of the Civil Code, §4116, requiring a copy of the cause of action sued on to be attached to the summons in a justice's court, do not necessitate a specific allegation of negligence, or a detailed relation of the acts from which negligence may be inferred, or by which it is to be proved, or that the plaintiff set out a statement of the facts which constitute the alleged negligence." The requirement as to summons and copy in a justice's court is an exception to the general rules of pleading. And the case is not changed by reason of an appeal to the superior court. As held by this court in *Southern Railway Co.* v. *Oliver,* 1 *Ga. App.* 734 (58 S. E. 244), "it is neither possible, practicable, nor requisite to indulge in the niceties of pleading," in a justice's court. There was, therefore, no error in overruling both the spe-

cial and the general demurrer. The suit was predicated upon the Civil Code, § 3817: "Every person shall be liable for torts committed by his wife, and for torts committed by his child, or servant by his command, or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary." "A petition alleging negligence on the part of an employee in and about a matter falling within 'the regular discharge of his duties within the scope of his employer's business,' and consequent injury to the plaintiff, sets forth a cause of action against such employee's master." *Thompson* v. *Wright,* 109 *Ga.* 466 (34 S. E. 560).

3. The plaintiff in error is estopped from complaint of the grant of the nonsuit as to Will Patterson, because it appears, from the record, that a nonsuit was granted upon motion of counsel for plaintiff in error. Civil Code, § 5150.

4. There was no error in overruling the motion for a new trial, as the evidence in behalf of the plaintiff fully authorized the verdict rendered in her favor. It is true that the testimony of the defendant George T. Patterson would have authorized a verdict in his favor. He testified, that he told his servant to work at a different place that day, and not to set out fire until he himself could be present, and that he was at home sick that day. But the plaintiff's witness W. J. Sams testified that Carl Scott (who had testified in the justice's court and since died) swore in the justice's court that the defendant directed him to set fire to the grass which caused the burning of the wood in question; and the comparative credibility of this testimony was a question for the jury. Upon the case, see *Brown Store Co.* v. *Chattahoochee Lumber Co.,* 121 *Ga.* 809 (49 S. E. 839).                *Judgment affirmed.*