## 579. JACKSON v. BROTHERS & SISTERS OF PROMISE.

The court erred in refusing to allow the amendment offered by the plaintiff and in dismissing the action.

Complaint, from Bibb superior court—Judge Felton. April 16, 1907.

Submitted October 29,—Decided October 31, 1907.

H. F. Strohecker, Charles Akerman, for plaintiff.

Glawson & Fowler, for defendant.

POWELL, J. The action was instituted in a justice's court. In the exhibit to the original summons the cause of complaint is stated as follows: "The Brothers & Sisters of Promise (incorporated) of Bibb County, Georgia, Oct. 12, 1906, to Susie Jackson, sole heir at law of Hamp Jackson, to amount of benefit due on death of Hamp Jackson, $60.00." The defendant appeared and pleaded in the justice's court. By original plea the defendant admitted an indebtedness to the plaintiff of $54, on account of the death benefit of Hamp Jackson, and offered to pay that sum into court. Judgment was rendered against the defendant, and it appealed to the superior court. In that court the defendant amended its plea and denied any liability at all, stating that while Hamp Jackson, when he died, was a member of the defendant benefit association, and while, under the by-laws, "on the death of a member of the Brothers & Sisters of Promise, each member of the society shall be assessed in the sum of twenty-five cents to go to the family of the deceased, or to whom it may have been willed," and, under this by-law, $52 had been paid in, and was owing to the family of Hamp Jackson, yet, Hamp Jackson having left no will, the sum was due his family; but that plaintiff was not a member of his family. It further set up that if any indebtedness was due at all, it was to the administratrix on Hamp Jackson's estate, and not to the plaintiff. In the superior court the defendand moved to dismiss the action, on the following grounds: (1) that no cause of action is set out; (2) that the original summons fails to show on its face that the plaintiff has the right to sue as "heir at law;" (3) that the cause of action, if any, is in the administratrix of Hamp Jackson. The plaintiff offered to amend the summons, (1) by inserting before the words "sole heir" the words "child and only member of the family;" and (2) by adding

after the words "death of Hamp Jackson" the following, "arising from contract contained in the laws of said society in the 13th section of the constitution, as follows: Sec. 13. On the death of a member of the Brothers & Sisters of Promise, each member shall be assessed in the sum of twenty-five cents, to go to the family of the deceased, or to whom it may have been willed. This assessment must be paid within thirty days." The judge refused to allow the amendment, and dismissed the action. We hold:

1. Even in the absence of amendment, the cause of action was set forth in the exhibit to the original summons with adequate definiteness for the purpose of justice's court procedure (especially in the absence of timely special demurrer) ; and, on appeal to the superior court, the sufficiency of the summons is governed there also by the same rule as pertains in the court below. "Some degree of certainty," not full legal definiteness, is the test in such cases. *Powell* v. *Alford,* 113 *Ga.* 979 (39 S. E. 449) ; *Thomas* v. *Forsyth Chair Co.,* 119 *Ga.* 693 (46 S. E. 869) ; *Georgia Southern & Florida Ry. Co.* v. *Barfield,* 1 *Ga. App.* 203 (58 S. E. 236), and cit.; *Southern Express Co.* v. *Briggs,* 1 *Ga. App.* 294 (57 S. E. 1066) ; *Southern Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734 (58 S. E. 244).

2. The amendment offered merely tended to amplify the original allegations and should have been allowed.

3. For a death benefit payable to the family of the deceased, those persons whose relationship to the deceased are legally connoted in the word "family" are entitled to sue, and not his personal representative. *Starnes* v. *Atlanta Police Relief Asso.,* ante, 237 (58 S. E. 481).                    *Judgment reversed.*