## 1190.   CENTRAL OF GEORGIA RAILWAY CO. *v.* CRAPPS.

1. Railroad companies are suable, on causes of action arising upon contracts, either in the county in which the contract is made, or in the county in which it is to be performed, at the option of the plaintiff.
2. A summons in a justice's court is amendable as to any detail, so long as there is no change as to the parties or as to the transaction which is the basis of the action, provided no change in the nature of the cause is involved. Even the absence of an allegation of jurisdiction may be cured by amendment. The statement of the same cause of action in a different form does not necessarily introduce a new cause of action.

Certiorari, from Clay superior court—Judge Worrill. April 3, 1908.

Submitted July 15,—Decided July 25, 1908.

*L. M. Rambo,* for plaintiff in error.   *B. M. Turnipseed,* contra.

RUSSELL, J. The plaintiff in error excepts to the refusal of the judge of the superior court to sanction the certiorari. It appears from the petition, as presented to the judge, that the defendant in error brought a suit on an account, in a justice's court of Clay county, against the Central of Georgia Railway Company. On the first trial the plaintiff obtained a judgment, and the case was taken, by certiorari, to the superior court, where, on February 10, 1908, the petition for certiorari was sustained and a new trial was ordered. At the March term, 1908, of the justice's court, the case again came on for trial. The defendant moved to dismiss the summons, because it was alleged in the statement of the cause of action, attached to it, that the plaintiff worked 38 days and hired 17 men in July and August, and it was not shown how many men were hired in July and how many in August, nor how many days he himself worked in July and how many in August. The motion to dismiss was also based upon the ground that it

appeared, on the face of the summons, that the justice's court of the 431st district, G. M., of Clay county was without jurisdiction to try the same; that if the petitioner had a cause of action as alleged, the same accrued in the superior court of Dougherty county. To meet these objections the plaintiff offered the following amendment:

"Georgia, Clay county, 431 Dist., G. M.—G. P. Crapps *vs.* Central of Georgia Railway Co. Complaint for services rendered.

"And now comes plaintiff and amends his complaint in above-stated case, and when so amended shall read as follows:

"To any lawful constable of said county, greeting. The defendant, Central of Georgia Railway Company, of said district, is hereby required to be and appear at the next justice's court to be held in and for said district, at the court-house in said county, on the 2nd day of January next, by 10 o'clock a. m., to answer the complaint of G. P. Crapps, in an action for services rendered at Albany, Ga., and contracted for at Ft. Gaines, Ga., copy of which said complaint is attached to the summons; or, in default, the court will proceed as to justice shall appertain. Herein fail not. Given under my hand and seal, this 28th day of Nov., 1906.

"T. M. Brown, N. P. and ex. off. J. P. (L. S.)

"Copy.—Central of Georgia Railway Co., Dr. to G. P. Crapps, for services rendered at Albany, Ga., and contracted for at Ft. Gaines, Ga.

"To 38 days services, $1.50 per day ................$57.00
"To 17 men hired, $1.00 each for hiring ............$17.00
"By cash per check ............................:....$27.00
"Balance due ..................................$47.00."

The defendant demurred to the amended summons, and objected to the allowance of the amendment, because it set forth a new cause of action; because it attempted to show jurisdiction in the justice's court of 431st district, G. M., of Clay county, when the original summons as amended at the first trial showed, that the justice's court of the 431st district of Clay county was without jurisdiction, and that if any cause of action existed, the superior court of Dougherty county had jurisdiction to try the same; and because the court could not allow an amendment of any kind, because it was without jurisdiction to try the case. The justice overruled the demurrer and allowed the amended summons as an amendment.

Thereafter a judgment was entered in favor of the plaintiff, for the amount of the suit.

Two questions are raised by the record: First, whether the justice's court of Clay county had jurisdiction of the cause of action. We consider this first, because, if the court was without jurisdiction, the judge of the superior court should have sanctioned the writ of certiorari, upon that ground, if upon no other. We think, however, that there is no merit in this exception, for clearly the justice's court of Clay county, so far as the record shows, had jurisdiction to dispose of the case. Under the Civil Code, §2334, railroad companies may be sued, upon a contract, either in the county in which the contract is made, or in the county in which it is to be performed; and the summons set forth that this contract was made in Clay county, although it was needlessly alleged that the work was performed in Dougherty county. The fact that the suit could have been brought in Dougherty county does not militate against the right of the plaintiff, at his option, to proceed in Clay county, if he prefers so to do. Under our construction of §2334, the plaintiff in such an action against the railroad may, at his option, make an election as to the county in which he will proceed. The language of the section, so far as is material to this case, is as follows: "All railroad companies shall be sued . . on all contracts made or to be performed in the county where suit is brought." Of course the language is not apt for the purpose of designating jurisdiction, in the way in which the words in this extract occur; but if the words used are reversed, the reading would be: suit is to be brought in the county where the contract is made or to be performed. Or if we were to stop, in the reading of the section, with the first clause thereof, before an attempt is made to designate different causes of action, the section would read, "all railroad companies shall be sued in the county in which the cause of action originated." Clearly, under the allegations of the summons, the cause of action originated in Clay county, because it was there that the contract was made which led to the alleged performance of the service and consequent indebtedness. The origin of the contract, and of the consequent cause of action, was in Clay county. However, we have already held in *Brooke* v. *Louisville & Nashville R. Co.*, 3 *Ga. App.* 492 (60 S. E. 218), as we now hold, that one who claims a cause of action upon a contract made

with a railroad company may sue either in the county in which the contract was made, or in the county in which the contract is to be performed. The judge did not err, therefore, in holding that the justice's court of Clay county had jurisdiction to try the case, and, consequently, to allow any proper amendment.

We come, then, to consider whether there is any merit in the contention of plaintiff in error that the amendment should not have been allowed, because it set forth a new cause of action. We have already held, in *Southern Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734 (58 S. E. 244), and *G. S. & F. Ry. Co.* v. *Barfield,* 1 *Ga. App.* 203 (58 S. E. 236), that niceties of pleading are not required in justices' courts. There was no error in allowing the amendment in this case, because the amended summons simply amplified the allegations of the original petition and set forth more clearly the jurisdiction. The parties are the same in each case, and the transaction and the amount are the same. There could be no misunderstanding on the part of the plaintiff, as to the identity of the subject-matter of the two suits.

A petition, even in the superior court, may be amended by showing the jurisdiction.        *Judgment affirmed.*