872. SMITH & SIMPSON LUMBER COMPANY *v.* LOUIS-
    VILLE AND NASHVILLE RAILROAD COMPANY *et al.*

The allegations of the petition showing a suit to recover damages for breach of a public duty, the justice's court was without jurisdiction.

Certiorari, from Fulton superior court—Judge Pendleton. No-
vember 5, 1907.

Argued February 4,—Decided September 28, 1908.

The Smith & Simpson Lumber Company brought suit in a jus-
tice's court against the Louisville and Nashville Railroad Company and the Atlantic Coast Line Railroad Company, lessees operating the Georgia Railroad, to recover the sum of $11, "for breach of contract." The plaintiffs allege in their petition, that on February 4, 1907, they shipped over defendants' line one car-load of lumber, for delivery at Atlanta, Georgia, for which shipment the regular charges of transportation were paid; that the car of lumber arrived in Atlanta, over the Georgia Railroad, on February 20, 1907, and that on said last date, petitioners directed the Georgia Railroad to deliver the car of lumber to the Central of Georgia Railway, a connecting line, for delivery to the consignee; that the delivery of the car-load of lumber as directed by petitioners was not made to the Central of Georgia Railway until March 9, 1907, a period of eleven days, excluding all free time allowed by law and the rail-
road commission; that storage rule 13 of the Georgia Railroad. Commission requires that all such deliveries shall be made within twenty-four hours after directions for delivery have been made, and provides that upon a violation of said rule, the railroad company at fault shall pay the consignee one dollar per day per car for each day of the continued infraction of the rule; and it is alleged that the delay of the Georgia Railroad in delivering the car of

lumber to the Central of Georgia Railway constituted a breach by the defendants of their contract to transport and deliver within due time, for which breach of contract petitioners were damaged in the sum of $11, "the measure of damage provided by the rule of the railroad commission and by law." It is further alleged, that on March 12, 1907, a written demand was made upon the defendants for payment of the claim of damages, and, the damages not having been paid, the defendants were duly cited to appear before the railroad commission of Georgia to answer said claim for damages, and that the railroad commission, after considering the case, certified that sufficient cause had not been shown to relieve the Georgia Railroad Company from the penalty of said claim. The defendants filed in the justice's court a plea to the jurisdiction, on the ground that the suit was one to recover a penalty or liquidated damages prescribed by the railroad commission for a breach of public duty. The justice sustained the plea and dismissed the suit; whereupon the plaintiffs presented to the judge of the superior court a petition for certiorari. The writ was sanctioned, but, at the hearing, the certiorari was overruled; and on this judgment error is assigned.

*Moore & Pomeroy, W. W. Hood,* for plaintiffs.

*Philip H. Alston,* for defendants.

HILL, C. J. (After stating the facts.)

The plaintiffs denominate the suit one for damages for breach of contract, but the allegations clearly show that the real character of the suit is that of an action for damages arising from a breach of a public duty imposed upon the defendants by a rule of the railroad commission, and to recover the amount of damages fixed by the commission for the violation of the rule. The only measure of damages set out is that fixed by the railroad commission for the violation of its rule. It is an elementary principle that the nature of an action is to be determined by its allegations, and not by the nomenclature of the plaintiff. Following the decision of this court in the case of *Pennington* v. *Douglas, Augusta & Gulf Railway Co.,* 3 *Ga. App.* 665 (60 S. E. 485), we think the suit is clearly one for damages resulting from a breach of a public duty by the defendants. See also *A., K. & N. Railway Co.* v. *Shippen,* 126 *Ga.* 784 (55 S. E. 1031). Justices' courts in this State have no jurisdiction of this class of cases. Civil Code, §4068. It there-

fore follows that the judgment overruling the certiorari must be affirmed. *S., F. & W. Railway Co.* v. *Snider,* 1 *Ga. App.* 14 (57 S. E. 898) ; *Western Union Tel. Co.* v. *Cooper,* 2 *Ga. App.* 376 (58 S. E. 517) ; *A., K. & N. Railway Co.* v. *Shippen,* supra.

*Judgment affirmed.*