1634.   GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.* OLIVER.

POWELL, J.   1. In a suit in a justice's court for the killing of live stock through the negligence of the employees of a railroad company in the operation of its trains, it is not necessary that the plaintiff should set out the particular acts of negligence. The strictness of pleading required in superior and city courts does not pertain to justices' courts. *Ga. So. & Fla. Ry. Co.* v. *Barfield,* 1 *Ga. App.* 203 (58 S. E. 236); *Southern Railway Co.* v. *Oliver,* 1 *Ga. App.* 734 (58 S. E. 244); *Southern Express Co.* v. *Briggs,* 1 *Ga. App.* 294 (57 S. E. 1066); *Hendrix* v. *Elliott,* 2 *Ga. App.* 301 (58 S. E. 495); *Patterson* v. *Sams,* 2 *Ga. App.* 755 (59 S. E. 18); *Jackson* v. *Brothers & Sisters of Promise,* 2 *Ga. App.* 761 (59 S. E. 11); *Seaboard Air-Line Ry.* v. *Smith,* 3 *Ga. App.* 644 (60 S. E. 353); *Central Ry. Co.* v. *Crapps,* 4 *Ga. App.* 550 (61 S. E. 1126).

2. The testimony in support of the plaintiff's recovery, while not wholly satisfactory, was nevertheless legally sufficient to authorize the judge of the superior court in his discretion to refuse to set aside the verdict of the jury in the justice's court on the pure issue of fact involved.

*Judgment affirmed.*

Certiorari, from Tift superior court—Judge Mitchell. December 13, 1908.

Submitted February 25,—Decided June 15, 1909.

*Fulwood & Murray,* for plaintiff in error.

*James H. Price,* contra.