## 2453. LOUISVILLE & NASHVILLE RAILROAD COMPANY et al. v. PFERDMENGES, PREYER & COMPANY.

1. Where the assignee of a bill of lading has the option to sue the carrier either in tort or for a breach of the contract, and elects the former remedy, and the case is dismissed for want of jurisdiction, the election to proceed in tort does not prevent a subsequent suit on the contract.
2. The recitals contained in a bill of lading, as to the delivery of the goods, their quality, quantity, or condition, are binding upon the carrier, when the bill of lading was intended to be negotiated, and is held by a bona fide transferee for value.

DECIDED JULY 19, 1910.

Action for damages; from city court of Washington—Judge Wynne. January 22, 1910.

*Joseph B. & Bryan Cumming, W. A. Slaton,* for plaintiff in error. *Samuel H. Sibley,* contra.

HILL, C. J. This was a suit to recover damages for a breach of contract of carriage, based on the following state of facts. The railroad company issued to the Washington Cotton Company in Wilkes county, Georgia, its bill of lading, reciting that it had received 100 bales of cotton to be transported to Savannah, Georgia, to be delivered to the order of the shippers, notifying the plaintiffs, Pferdmenges, Preyer & Company. This bill of lading was attached to a draft for the value of the 100 bales of cotton, drawn on the plaintiffs, at Savannah. Before the cotton was received at Savannah, the plaintiffs paid this draft, secured the bill of lading, demanded of the railroad company the 100 bales of cotton, and received only 96 bales. They thereupon sued the railroad company, in the city court of Washington, to recover the value of the 4 bales. It was not clear from the allegations of the petition whether the suit was in tort or for breach of the contract of carriage, and the court, at the instance of the defendant, required an election, and the plaintiffs elected to proceed in tort for a conversion. The evidence did not affirmatively show any tort in Wilkes county, but did show that the conversion, if anywhere,

6

was in Chatham county, and, in order to avoid a dismissal for want of jurisdiction, the plaintiffs voluntarily dismissed the suit. The present suit for a breach of the contract was then instituted by the plaintiffs, who had become the owners of the cotton by paying the draft. The defendant set up the proceedings in the former suit in a plea to the jurisdiction, contending that an election had been properly required and that the plaintiffs were conclusively bound by the election they had made. The court sustained a demurrer to the plea to the jurisdiction, and the defendant excepted. The defendant filed a plea seeking to contradict the recitals contained in the bill of lading, as to the number of bales of cotton that had been delivered to the railroad. The plea was stricken because it was an effort to contradict the bill of lading in the hands of a bona fide transferee for value. The defendant excepted.

1. The demurrer to the plea to the jurisdiction was properly sustained. The question of jurisdiction is usually determined by the allegations of the petition. The suit in this case was based on a contract made in Wilkes county, and the court had jurisdiction, regardless of what defenses the defendant may have had to the suit. Civil Code, § 2334; *Central Ry. Co.* v. *Crapps,* 4 *Ga. App.* 550 (61 S. E. 1126). If the election made by the plaintiffs in the previous suit prevented them from suing the railroad company on the contract, this matter should have been set up by plea in bar, and not to the jurisdiction; for, under the allegations of the petition and the law applicable thereto, the court certainly had jurisdiction. Irrespective, however, of this reason for approving the judgment, we do not think the facts as alleged in the plea to the jurisdiction constituted any defense. When the election to proceed in tort was made in the previous case and it appeared that the tort complained of was committed in Chatham county, it was clear that the court in Wilkes county was without jurisdiction (*Brooke* v. *L. & N. R. Co.,* 3 *Ga. App.* 492 (60 S. E. 218)); and as the court was without jurisdiction, the proceedings could never amount to such an election as would bar the plaintiffs from bringing a suit of which the court did have jurisdiction. The remedy in tort in that court was no remedy at all, and, of course, could not be a choice of inconsistent remedies. *Board of Education* v. *Day,* 128 *Ga.* 167 (57 S. E. 359). And after having

invoked the dismissal of the first suit, for want of jurisdiction, the defendant is bound by the proposition that the court did not have jurisdiction of that case.    *Haber-Blum-Bloch Hat Co.* v. *Fries-leben,* 5 *Ga. App.* 123 (62 S. E. 712).

Was there any real inconsistency as to the two suits?    While a cause of action for a breach of a contract of carriage is legally different from that for a conversion of the goods, and while the two causes of action can not be commingled in the same suit (Civil Code, § 4944), still there is no inconsistency in the substance of them.    Both suits, in a sense, are based on the contract. If suit is brought against the railroad company for a conversion of goods which it contracted to carry and deliver, and subsequently it is discovered that there was no conversion, but that the goods were lost or destroyed, there would be no inconsistency in withdrawing the suit and subsequently suing for a breach of the contract in failing to carry and deliver.    While one may be compelled to elect whether a particular suit shall proceed as one in tort or in contract, and the facts of that particular suit must abide by the election, it does not follow that the election made in that suit extinguishes all other remedies.    The case of *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29), and others of like character, relied upon by the plaintiff in error, are not in point.    In those cases the question was as to avoiding a sale, or affirming the sale and suing for the proceeds.    The plaintiff in such a case must either affirm or disaffirm; and when once the option is exercised, it is binding and conclusive.    The doctrine of election is designed to clarify the issue to be tried, and, to accomplish this purpose, it prohibits a litigant from pursuing more than one remedy in the main suit.    But if he selects the wrong remedy and fails, he is not thereby prevented from pursuing the right remedy to a successful result.

2.    The plea seeking to contradict the bill of lading as to the number of bales of cotton that had been delivered to the railroad company was properly stricken.    The plaintiffs were the assignees or transferees for value of this bill of lading, and had the right to sue on it.    *Askew* v. *Sou. Ry. Co.,* 1 *Ga. App.* 79 (58 S. E. 242). While a bill of lading is in some sense a receipt and open to dispute between the parties, yet, when it is intended for negotiation, its recitals, in the hands of a bona fide transferee for value, operate

as an estoppel against the carrier. The bill of lading in this case was issued by the railroad company with the intent that it should be negotiated. The purchasers of the cotton bought on the faith of the declaration of the railroad company that it had received 100 bales of cotton. If this statement was not true, the company might have some remedy against the shipper, but this does not relieve it from liability to the assignees of the bill of lading. It is a universal rule that carriers can not contradict the recitals contained in their bills of lading, as to the delivery of the goods, their description, quantity, or condition, as against the rights of bona fide transferees for value. *Bank of Sparta* v. *Butts,* 4 *Ga. App.* 308 (61 S. E. 298); King v. The Lady Franklin, 8 Wall. 325 (19 L. ed. 456, and cases in note). *Judgment affirmed.*