### 6206.   McJENKINS *v.* CULPEPPER.

Where a suit is based upon an arbitrator's award, and the evidence shows there was in fact no arbitration, and hence no valid award, a verdict for the plaintiff is not authorized by the evidence.

DECIDED AUGUST 4, 1915.

Complaint; from municipal court of Atlanta.   October 22, 1914.

*R. W. Crenshaw,* for plaintiff in error.   *Frank Carter,* contra.

BROYLES, J.   Even though pleadings in the municipal court of Atlanta be not held to the strict nicety of superior-court procedure, a plaintiff in that court must set forth with some degree of certainty his cause of action, and, having done so, must recover, if at all, upon the cause as laid, and can not recover upon a different and distinct ground of liability.   Civil Code, § 4715; *Powell* v. *Alford,* 113 *Ga.* 979 (39 S. E. 449).   The instant suit was brought by a contractor for extra material and labor supplied to the owner of a house under a contract, which was attached to and made a part of the declaration.   One of the stipulations of the contract was that "if any question or difference should arise between the owner and the contractor, it will be left to the architect, and his decision will be final and binding on both parties."   The plaintiff alleged in his petition (paragraph 7) that "said architect has decided that plaintiff is entitled to compensation for extra work and material furnished at the prices shown by itemized statement attached to this petition and made a part hereof, and marked exhibit B."   Plaintiff's action was therefore based upon an arbitrator's award. Upon the trial the architect, testifying for the plaintiff, swore that on or before September 8, 1914, Mr. Culpepper, the plaintiff, gave

him the itemized statement of the claim for extras, and that he inspected the work and "O.K.'d" the items checked on the list; that previously, in the latter part of August, he had inspected the work with the defendant; that he "O.K.'d" the items checked on the list introduced in evidence, *but that he did not undertake to pass on any dispute between the plaintiff and the defendant;* that he meant by his "O.K." merely that the items checked had been done by the plaintiff, and that the amount charged was, in his opinion, reasonable. He further testified that the defendant was not present when the plaintiff handed him the itemized statement of the claim for extras, and that the defendant had not been notified to be present. The verdict was for the plaintiff, and the defendant's motion for a new trial was overruled.

From the above evidence it is plainly apparent that there was no arbitration as to the differences between the parties, and consequently no valid award, and that the appellate division of the municipal court of Atlanta erred in refusing to grant a new trial.

*Judgment reversed.*