### 7008.  MAYER v. SOUTHERN EXPRESS CO.

Since the passage of the act of 1881 (Acts of 1880-1, p. 66) codified as section 4715 of the Civil Code of 1910, the plaintiff in an action in a justice's court must set forth his cause of action with some degree of certainty, and then must recover upon the case as laid, and not upon a different and distinct ground of liability.  The cause of action in this case was not set forth so definitely or with such certainty as to fairly apprise the defendant of the nature of the plaintiff's demand, and thus enable the defendant to properly prepare a defense, or confine the plaintiff to one particular claim.

DECIDED MARCH 24, 1916.

Certiorari; from Dougherty superior court—Judge Cox.  October 8, 1915.

*Peacock & Gardner,* for plaintiff.

*Pope & Bennet,* for defendant.

WADE, J.  Mayer brought suit in a justice's court against the Southern Express Company.  Attached to the summons was the following statement: "Southern Express Company. . . Bought of Daniel Mayer, Sept. 4, 1912, to 328 # pork spoiled in transit, @ 10c, $32.80."  The defendant demurred generally to the summons, and demurred specially on the grounds that it was not alleged why and in what way the defendant was indebted to the plaintiff; that the point from whence the pork was shipped or its destination, the time of its arrival at destination, or the time of its delivery to the plaintiff was not alleged; and that it was not alleged how the pork sued for was "spoiled," or how it became spoiled.  The plaintiff thereupon amended the statement attached to the summons, by adding the following: "Said shipment of

meat was made by J. T. Stewart and was shipped from Camilla to Albany, Georgia, and arrived on September 3, 1913, and was not delivered until September 4, 1913, about eight o'clock a. m." The defendant still insisted upon its demurrer after this amendment had been allowed, and the justice of the peace sustained the demurrer and dismissed the action. A writ of certiorari was thereupon sued out, and upon the hearing the judge of the superior court overruled the certiorari.

It is well settled, by repeated adjudications of the Supreme Court and of this court, that great nicety of pleading is not required in justice's courts, and it is the established policy of our law that section 4715 of the Civil Code of 1910 (section 4116 of the Civil Code of 1895) must be liberally construed; and pleadings in a justice's court are generally sufficient if the defendant is informed thereby of the nature of the plaintiff's demand against him., *Hendrix* v. *Elliott,* 2 *Ga. App.* 301 (2) (58 S. E. 495). See also *Georgia So. Ry. Co.* v. *Barfield,* 1 *Ga. App.* 203 (58 S. E. 236). Nevertheless, in *Powell* v. *Alford,* 113 *Ga.* 979 (39 S. E. 449), the Supreme Court held as follows: "Under section 4116 of the Civil Code, which prescribes how suits in a justice's court shall be brought, 'such justice or notary public shall attach a copy of the note, account, or cause of action sued on to the summons at the time the same is issued.' The above-quoted language was taken from the act of September 21, 1881. Acts 1880-1, p. 66. Since the passage of that act the plaintiff in an action in a justice's court must set forth, with some degree of certainty, his cause of action, and, having done so, must recover, if at all, upon the cause as laid, and can not recover upon a different and distinct ground of liability." In *Thomas* v. *Forsyth Chair Co.,* 119 *Ga.* 693 (46 S. E. 869), the Supreme Court, speaking through Justice Turner, said: "The exhibit attached to the summons was in no sense a bill of particulars, nor did it furnish to the defendants reasonable notice as to the *character* [italics ours] of the plaintiff's demand." It appears to be recognized by counsel on both sides of this case that, notwithstanding the laxity of pleading permitted in justice's courts, the nature of the plaintiff's demand must either appear from the summons itself or from the copy of the demand sued upon, which may be attached thereto. The only question therefore is whether the nature of the plaintiff's demand

in this case sufficiently appears from the exhibit attached to the summons.

The original statement attached to the summons recites that the Southern Express Company bought of Daniel Mayer on September 4, 1912, 328 pounds of pork, "spoiled in transit," the price of which was $32.80. From this it would be impossible to determine whether recovery was sought for the purchase-price of the pork sold by the plaintiff to the defendant, or whether recovery was sought because in some way, not suggested, the pork bought from Daniel Mayer by the defendant was spoiled while in transit. The amendment perhaps makes it clear that the amount sued for was claimed because the pork was spoiled while in transit between Camilla and Albany, Georgia, but still leaves the exact nature of the complaint uncertain, and also makes uncertain the plaintiff's right to maintain the action. It does not appear, unless by inference, that the defendant was the carrier, nor is it alleged how the liability of the defendant arose, even conceding that it was in fact the carrier to whom was intrusted the shipment of the meat from Camilla to Albany, Georgia. If the defendant had in fact bought the pork at ten cents per pound, as appears from the statement as amended, it could not be liable except for the purchase-price, and, on the other hand, it can not be determined whether the plaintiff sought a recovery because the pork was spoiled when it arrived at destination, and because it was claimed that the defendant was liable therefor as an insurer. If it be true that he claims damages because his pork was spoiled in transit through negligence on the part of the defendant, this fact was not suggested remotely, nor is it negatived by the allegation showing the arrival of the shipment on September 3, 1913, and its delivery the following morning. We may surmise that the plaintiff sought a recovery because of the failure of the defendant to deliver the shipment immediately upon its arrival at destination on September 3, 1913, but this would after all be merely a surmise. If that were the basis of the action, it would of course be a question of fact whether a delivery at eight o'clock on the morning of September 4, 1913, was negligence on the part of the defendant.

Finally, from the statement attached to the summons it does not appear that the plaintiff was the owner or the consignee of the shipment; and if it be true that a recovery was sought for negli-

gence on the part of the defendant, whereby the pork was spoiled, it does not appear that the *plaintiff* had any right of action therefor. The case seems to be precisely covered by the decision in *Macon & Birmingham Railway Co.* v. *Walton,* 121 *Ga.* 275 (48 S. E. 940). In that case the following statement or account was attached to the summons:

"Macon, Aug. 2nd, 1903.
"Macon & Birmingham Ry. Co., To J. R. Walton, Dr.
"To difference in price of melons in Ga. R. R. yard, and
　　Central Ry. yard,　·　　　　　　　　　　　　$25.00
"Damage delay in time of arrival,　　　　　　　　50.00
　　　　　　　　　　　　　　　　　　　　　　　―――――
　　　　　　　　　　　　　　　　　　　　　　　$75.00."

Among other grounds of the demurrer or motion to dismiss it was urged that "the summons set out no cause of action against the defendant, because it did not show wherein defendant was liable to plaintiff, or what duty, if any, defendant was under to plaintiff relatively to the melons referred to, or in what way defendant was liable for the alleged delay thereof." The court said the motion to dismiss was good and should have been sustained. "The summons did not comply with the requirement that it have attached to it a copy of the cause of action sued on. It is impossible to tell, from the summons or from the 'account' thereto attached, the nature of the claim upon which the action was based. There was nothing to put the defendant upon notice of the character of such claim, that it might be able to prepare a defense. The summons would doubtless have been sufficient under the law as it stood prior to the passage of the act of 1881, but it does not meet the requirements of that act. We must therefore hold that it was fatally defective as against a general motion to dismiss, and that the court below erred in ruling to the contrary."

*Hendrix* v. *Elliott,* supra, is easily distinguished on its facts. The original summons in that case had the following copy of account attached thereto: "J. H. Hendrix, to J. H. Elliott, dr., to commissions on sales of real estate to Dr. Grove, as per agreement, $75.00." It will be observed that an amendment was offered and allowed in that case, and this court said: "We think the trial judge did right in requiring the plaintiff to amend, and in refusing to dismiss the case." What amendment was actually allowed

is not stated, but even conceding that no amendment was necessary (as was suggested by the court), the account in that very clearly indicated, as pointed out by Judge Russell, the "nature" of the action. The ruling of the Supreme Court in *Macon & Birmingham Railway Co.* v. *Walton,* supra, was referred to by this court in *Hendrix* v. *Elliott,* supra, and the doctrine in that case clearly recognized. Notwithstanding the extreme latitude allowed as to pleadings in justice's courts, the principle referred to above, that there must be enough to put the defendant on notice of the character or nature of the plaintiff's demand, was announced by this court in the following language, referring to the *Wallon* case: "The court, in deciding that there was nothing in the statement of account in that case to put the defendant upon notice of the character of plaintiff's claim, inferentially decided, in the spirit of the code, that where, as in this case, there is ample statement to put the defendant on notice and enable him to prepare his defense, the suit should not be dismissed."

In the absence of any amendment making certain the nature of the plaintiff's demand, the court properly sustained the demurrer and dismissed the action; and the judge of the superior court properly overruled the certiorari complaining of his action.

*Judgment affirmed.*