30974. SMITH *v.* SMITH *et al.*

DECIDED MARCH 1, 1946. REHEARING DENIED MARCH 20, 1946.

*W. A. Slaton, Carroll D. Colley,* for plaintiff in error.

*Earle Norman, Z. B. Rogers,* contra.

BROYLES, C. J. (After stating the foregoing facts.) ■ Was the caveat subject to the demurrer interposed? Counsel for the applicant state in their brief that the court erred in overruling the demurrer on all of its grounds, because the allegations of paragraphs 5 to 13, inclusive, of the caveat allege facts and raise issues not relevant or admissible in a case such as this, originating in the court of ordinary, which possesses no equity powers; and because the allegations in paragraphs 14 to 16, inclusive, are merely conclusions of the pleader, and set forth no facts upon which such conclusions are based. Counsel contend that, since this case began in the court of ordinary, which has no equity powers to set aside a deed, or to declare it invalid, the superior court, on an appeal thereof, has no greater powers than the court of ordinary, and that, in order for the widow to be liable to account for the land allegedly obtained by her by using undue influence and fraud-

ulent means, it would be necessary first to have the conveyances declared void by a court having equity jurisdiction. The answer to this contention is that the caveators are not asking that deeds to land be cancelled or set aside, but that the widow should be forced to account for the amount of the rents and profits therefrom, and that the amount of the judgment of the appraisers setting aside the year's support was excessive, and was not set aside with due regard to the circumstances and standing of the family prior to the husband's death. Counsel for the applicant also contend that the caveat should have been dismissed on demurrer, because the applicant should not be forced to account for her management of her husband's estate in this proceeding, but that such accounting should be determined upon a final settlement of the estate. We can not agree with this contention. In *Tabb* v. *Collier,* 68 *Ga.* 641, 643, the court said that a contention, that the family had a year's support before the formal setting apart of such support, should have been invoked "before, not after, the final judgment of the ordinary has been pronounced." In *Goss* v. *Greenaway,* 70 *Ga.* 130 (2), it was held that, when the final judgment of the ordinary setting apart a year's support has been rendered, it is too late to attack the judgment. And (on p. 132) the court said: "The cases cited in [*Blassingame* v. *Rose*] 34 *Ga.* 418, and in [*Wells* v. *Wilder*] 36 *Ga.* 194, were cases where objections were filed to the allowance [of a year's support] before the ordinary, and then carried by appeal to the superior court. That was the proper place and the right time to file objections and have the rights of the parties settled."

In *Wells* v. *Wilder,* supra, the headnote reads: "The laws of Georgia allow a widow one year's support for herself and minor children out of the estate of her deceased husband. They do not contemplate that she shall live at the homestead and consume the provisions belonging to the estate, and have a year's support also allowed. *Whenever the widow applies for an assignment of the year's support,* she must be charged with the value of what she previously consumed." (Italics ours.) And in *Fulghum* v. *Fulghum,* 111 *Ga.* 639 (36 S. E. 602), the court stated: "The administrator of an estate from which a year's support for the widow of an intestate has been duly and finally set apart, in money, can not, when an execution has been issued against him for the col-

lection of the same, go behind the judgment for the purpose of showing that he is entitled to a credit upon the judgment for money advanced by him, from the estate, to the widow upon her year's support before it was finally set aside." In our opinion the court did not err in overruling the special demurrers to the caveat; and no general demurrer was interposed.

■ The evidence, while in sharp conflict, authorized the finding of the jury; and therefore the general grounds of the motion for a new trial are without merit.

Special grounds 3 and 5 complain that the court's charge, upon the question of whether the applicant used undue influence upon her husband to induce him to execute certain deeds to her, was error, because there is no evidence whatever in the record as to any such undue influence. However, the trial judge certifies in a note that a part of his charge upon that subject was given in accordance with a written request handed to him by counsel for the applicant. And the record shows that said counsel introduced evidence upon that subject. It follows, therefore, that counsel waived their right to thereafter contend that the charge upon "undue influence" was error because it was not authorized by any evidence. *Don* v. *Don,* 162 *Ga.* 240 (2) (133 S. E. 242) ; *Wallis* v. *Watson,* 184 *Ga.* 38 (190 S. E. 360) ; *Patterson* v. *Sams,* 2 *Ga. App.* 755 (3) (59 S. E. 18). The other exceptions to this charge, as set forth in special grounds 3 and 5, are without merit.

None of the remaining special grounds shows cause for another hearing of the case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*